Richard A. SALAHUDDIN, Plaintiff,

v.

L.M. MILLIGAN, et al., Defendants.

No. 83 Civ. 0215 (JES).

United States District Court,
S.D. New York.

Sept. 19, 1984.

Richard Akbar Salahuddin, a/k/a Richard Brown, pro se plaintiff.

Robert Abrams, Atty. Gen. of State of N.Y., New York City, for defendants; Joyce M. Andren, Asst. Atty. Gen., New York City, of counsel.

## OPINION AND ORDER

SPRIZZO, District Judge.

The above-captioned action is before the Court on defendants' motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), on the ground that the action is barred by the statute of limitations.

Plaintiff sued defendants, corrections officers at Greenhaven Correctional Facility and the facility itself, pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. The alleged violations occurred in July 1979, the latest date being July 10, 1979. Plaintiff had his complaint notarized at Clinton Correctional Facility on or about July 2, 1982 and allegedly mailed it from Clinton Correctional Facility to the Pro Se Office of the United States District Court for the Southern District of New York, on or about July 5, 1982. The complaint was received by the Pro Se Office on July 14, 1982. Chief Judge Motley granted plaintiff's application to proceed ·in forma pauperis by Order dated January 6, 1983, and plaintiff's complaint was filed with the court that same day.

Both plaintiff and defendants recognize that the applicable statute of limitations in actions brought pursuant to section 1983 is the most comparable state statute of limitations, *Board of Regents v. Tomanio*, 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980), and that in this circuit the three year statute of limitations of N.Y.Civ.Prac. Law § 214(2) governs, *see Pauk v. Board of Trustees*, 654 F.2d 856, 861 (2d Cir.1981), *cert. denied*, 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d

866 (1982); *Tennant v. Martin*, 82 Civ. 4267 (HFW) (S.D.N.Y. April 14, 1983).

Defendants argue that since the complaint was filed on January 6, 1983, the action is time-barred. However, where, as here, plaintiff acts pro se and sends his complaint to the court, and the complaint is not filed until a later date due to consideration of plaintiff's application to proceed *in forma pauperis*, the action is deemed commenced for purposes of the statute of limitations upon receipt by the court of plaintiff's complaint, and not when it is filed. *E.g., Rosenberg v. Martin*, 478 F.2d 520, 522 & n. 1a (2d Cir.1973), *cert. denied*, 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973); *Allah v. Commissioner of Department of Correctional Services*, 448 F.Supp. 1123, 1127 (N.D.N.Y.1980). Nevertheless, plaintiff's claim is barred. The complaint was not received by the Pro Se Office until July 14, 1982, more than three years from the time when the cause of action arose.

Plaintiff states that he believes an action brought pursuant to section 1983 is commenced on the date plaintiff has his complaint notarized, and suggests that, alternatively, the action is commenced on the date plaintiff mails his complaint to the court. There is no support in the law for either contention. Plaintiff's complaint must therefore be dismissed.

It is SO ORDERED.