**Frederick V. NIELSEN, Plaintiff,**

v.

**FLOWER HOSPITAL, Defendant.**

**No. 85 Civ. 7182 (RJW).**

United States District Court,
S.D. New York.

July 14, 1986.

---

Frederick V. Nielsen, pro se.

Kelley Drye & Warren, New York City (John F. Gibbons and Lawrence J. Baer, of counsel), for defendant.

## OPINION

ROBERT J. WARD, District Judge.

This is an employment discrimination action brought by plaintiff *pro se* under Title VII of the Civil Rights Act ("Title VII"), as amended, 42 U.S.C. § 2000e–5, and under 42 U.S.C. § 1981 *et seq.* Defendant moves for an order pursuant to Rule 12(b)(1) and (b)(6), Fed.R.Civ.P., dismissing the complaint for failure to satisfy the ninety-day filing requirement for actions brought under Title VII and for failure to state a claim upon which relief can be granted. Plaintiff cross-moves for leave to amend the complaint pursuant to Rule 15(a), Fed. R.Civ.P. For the reasons that follow, defendant's motion is denied and plaintiff's cross-motion is granted.

## BACKGROUND

Plaintiff alleges the following facts relevant to the instant motion. He filed charges of discriminatory conduct against defendant, Flower Hospital ("Flower"),[1] with the Equal Employment Opportunity Commission ("EEOC" or "Commission") on March 8, 1984. When the EEOC had not acted on the charge within 180 days, plaintiff requested that the Commission issue him a Notice of Right to Sue ("Notice" or "right-to-sue letter"), *see* 42 U.S.C. § 2000e–5(f)(1), which plaintiff avers he received on May 7, 1985.[2] Thereafter, on

---

1. In the motion papers submitted on behalf of Flower, counsel avers that the defendant hospital is now known as Terence Cardinal Cooke Health Care Center. At some future date the Court will order an appropriate substitution upon a showing that Flower is not the real defendant in interest. *See* Rules 17(a) and 21, Fed.R.Civ.P. For purposes of the instant motions, however, the Court assumes Flower is the proper defendant.

2. The Notice is dated May 7, 1985, *see* Complaint, Attachment 2 (Notice of Right to Sue,

plaintiff's copy), and therefore it is unlikely that plaintiff received the right-to-sue letter on that date. Indeed, defendant concedes for purposes of the instant motions that plaintiff received the Notice on May 14, 1986, and presents in support a copy of a return receipt it obtained from the EEOC. *See* Affidavit of John F. Gibbons at ¶ 5 (sworn to Jan. 2, 1986) and Exhibit B thereto. For purposes of ruling on a motion to dismiss, the Court generally is required to accept the plaintiff's allegations as true and to limit its consideration to the contents of the pleading under attack. *See Baptiste v. Sennet & Krum-*

July 29, 1985, plaintiff presented a complaint and application for leave to proceed *in forma pauperis* ("IFP") to the Pro Se Office of this Court. In the complaint, a four-page form pleading for Title VII actions supplied to *pro se* litigants by the Pro Se Office, plaintiff stated that defendant discriminated against him on the basis of race and color by failing to employ him. Plaintiff appended to the complaint the right-to-sue letter he received from the EEOC in May 1985. By order dated August 26, 1985, plaintiff was granted leave to proceed IFP. On September 13, 1985, the complaint and order granting IFP status were duly filed with the Clerk of the Court. Defendant concedes receiving service of the summons and complaint on December 12, 1985. Affidavit of John F. Gibbons at ¶ 3 (sworn to Jan. 2, 1986).

In its pending motion, Flower advances two related grounds for dismissing the complaint. Defendant contends, first, that plaintiff failed to file the complaint within ninety days of receiving the right-to-sue letter from the EEOC, as required under 42 U.S.C. § 2000e–5(f)(1). Second, Flower argues, the complaint must be dismissed in any event for failure to comply with the pleading requirements of Rule 8, Fed.R. Civ.P. Moreover, Flower maintains, plaintiff's failure to include in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Rule 8(a)(2), Fed.R.Civ.P., precludes plaintiff from curing that or any other defects in the complaint by repleading or amendment.

*holz*, 788 F.2d 910, 911–12 (2d Cir.1986). In the instant case, the difference of one week between the date plaintiff alleges he received the Notice from the EEOC and the date defendant avers he *actually* received it does not alter the Court's conclusions with respect to the motions before it. The Court therefore will assume for purposes of the instant motions that plaintiff received the Notice on May 7, 1986, as plaintiff avers in the complaint.

**3.** In *Dzaba v. Blyth Eastman Paine Webber, supra*, Judge Goettel rejected the plaintiff's argument there that his presentation of a Title VII complaint and IFP application to the Pro Se Office had constituted a "filing" under Rule 3,

## DISCUSSION

### A. *Flower's Motion to Dismiss*

█ One of the statutory requirements for bringing a Title VII action in federal court is that the plaintiff commence the action within ninety days of receiving a Notice of Right to Sue from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1). By now it is well settled in this District that the presentation of a Title VII complaint to the Pro Se Clerk of the Court, if accompanied either by an application for leave to proceed IFP or the filing fee, represents the commencement of an action for purposes of satisfying the ninety-day filing requirement. *See Dzaba v. Blyth Eastman Paine Webber*, No. 84 Civ. 3711(GLG) (S.D.N.Y. Jan. 17, 1985) (available on LEXIS and WEST-LAW); *Addison v. National Brands Outlet*, No. 83 Civ. 7115(SWK) (S.D.N.Y. Oct. 4, 1984) (available on LEXIS and WEST-LAW); *French v. United States Trust Co.*, 84 Civ. 868(RJW) (S.D.N.Y. June 19, 1984) (citing other unreported district court decisions); *Simpson v. Bank of New York*, 26 Empl.Prac.Dec. (CCH) ¶ 32,114 (S.D.N.Y. 1981) (Motley, J.); *Franklin v. Herbert Lehman College*, 508 F.Supp. 945, 948 (S.D.N.Y.1981) (Tenney, J.); *Ferguson v. Mobil Oil Corp.*, 19 Fair Empl.Prac.Cas. (BNA) 356 (S.D.N.Y.1977) (Haight, J.); *cf. Rosenberg v. Martin*, 478 F.2d 520, 522 n. 1a (2d Cir.), *cert. denied*, 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973) (§ 1983 complaint); *Salahuddin v. Milligan*, 592 F.Supp. 660, 661 (S.D.N.Y.1984), *aff'd mem.*, 767 F.2d 908 (2d Cir.1985) (same).[3]

Fed.R.Civ.P., so as to automatically satisfy the ninety-day filing requirement of 42 U.S.C. § 2000e–5(f)(1). Rather, Judge Goettel held, the submission of a complaint and IFP application to the Pro Se office had simply tolled the ninety-day period for the length of time the application remained under review. In that case, the plaintiff's request for leave to proceed IFP ultimately was denied. By the time the plaintiff finally submitted the filing fee so that his complaint could be filed with the Clerk's Office, the district court calculated that the filing period had expired. Because the plaintiff had been dilatory both in paying the filing fee and in serving the defendant thereafter, the court held that there was no justification for tolling the filing limita-

The complaint that was ultimately filed with the Clerk of the Court in this action indicates on its face that it was received by the Pro Se Office on July 29, 1985, and that it was accompanied by an IFP application. Thus, assuming plaintiff had received the Notice of Right to Sue from the EEOC on May 7, 1985,[4] he presented a Title VII complaint to the Pro Se Clerk no later than eighty-three days thereafter, or within the ninety-day filing period prescribed by the statute.

Defendant argues, however, that the complaint plaintiff presented to the Pro Se Office on July 29, 1985 does not meet the pleading requirements of Rule 8, Fed.R. Civ.P., and therefore could not properly have "commenced" a civil action either within the meaning of Rule 3, Fed.R. Civ.P.,[5] or for purposes of the ninety-day filing requirement for Title VII actions. Furthermore, defendant argues, the defect(s) in the original complaint cannot now be cured by the filing of an amended or substitute pleading because there is no "original pleading" to which the amendment(s) could "relate[ ] back" within the meaning of Rule 15(c), Fed.R.Civ.P.[6]

In support of its argument, defendant relies principally on *Baldwin County Wel-*

tion further and, accordingly, dismissed the action as untimely filed.

The other courts cited above have not explicitly characterized the District's practice with regard to the filing of Title VII complaints as a form of equitable tolling. Nonetheless, Judge Goettel's approach seems reasonable and is fully consistent with the rationale underlying the District's rule. Courts in the District have recognized the considerable time that may elapse between the day a *pro se* litigant requests leave to proceed IFP and the day a decision is rendered on that application. Because the delay is completely outside the litigant's control, and because a complaint cannot be formally filed without either an order granting IFP status or payment of the customary fee, the courts have concluded that it would be unfair to penalize Title VII plaintiffs who present their complaints to the Pro Se Office within the statutory period, but whose complaints are not formally filed until after the period had run due to delay in the processing of their IFP requests. Thus, for equitable reasons, the courts deem such Title VII actions commenced when the plaintiffs first present their complaints to the Pro Se Office. *See, e.g., Addison, supra; Simpson, supra; Ferguson, supra.*

Where, as in the instant case, IFP status ultimately has been granted, it matters little whether one treats the presentation of the Title VII complaint and IFP application to the Pro Se Office as constructively "commencing" the action or as merely tolling the ninety-day period until the IFP application is acted upon. Once IFP status is granted, the Pro Se Office of the District routinely assumes the task of filing the complaint along with the order granting IFP. There is no occasion, therefore, for the filing period to begin running again against the plaintiff. For all practical purposes, then, the clock will have stopped running on the day the plaintiff originally presented the complaint to the Pro Se Office.

The case is different where, as in *Dzaba, supra,* IFP status is denied. If the ninety-day period is held to begin running again from the day the plaintiff receives notice that IFP status has been denied, and the plaintiff delays in paying the filing fee, the statutory period may well lapse before the fee has been paid and the complaint formally filed. In such cases, the additional delay will have been attributable to the conduct of the plaintiff rather than to district court administration. It therefore seems neither unreasonable nor inconsistent with the concerns underlying the District practice discussed above to start the ninety-day period running again if IFP status is denied, subject of course to additional tolling if the circumstances warrant it.

As the Court discusses later in this opinion, the Supreme Court made clear in *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (*per curiam*), that the equitable tolling doctrine may be applied to the ninety-day filing period at issue here. The Supreme Court in *Baldwin County* did not explicitly consider a district court filing rule such as that invoked here. Nevertheless, the practice in this District, and its rationale, appear entirely consistent with the Supreme Court's discussion of equitable tolling principles in that case. *See* 466 U.S. at 151, 104 S.Ct. at 1725. This Court therefore assumes for purposes of the instant motions that the practice in the District of tolling the ninety-day filing period while an IFP application is pending remains valid after *Baldwin County.* Defendant makes no argument to the contrary.

**4.** *See supra* note 2.

**5.** The rule provides that "[a] civil action is commenced by filing a complaint with the court."

**6.** That rule states in relevant part that
[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading....

*come Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (*per curiam*). In that case, the United States Supreme Court held that the filing of a right-to-sue letter with a district court does not in itself "toll" the ninety-day filing period for Title VII actions or otherwise satisfy the statutory filing requirement. A Title VII suit, like any other civil action brought in federal court, can only be commenced by the filing of a complaint, the Supreme Court stated. 466 U.S. at 149; *see also* Rule 3, Fed.R.Civ.P. The right-to-sue letter that the *pro se* plaintiff in *Baldwin County* had presented to the district court was not a complaint, the Court held, because it did not contain, *inter alia,* "a short and plain statement of the claim showing that the pleader is entitled to relief," as required under Rule 8(a)(2), Fed.R. Civ.P. *Baldwin County, supra,* 466 U.S. at 149, 104 S.Ct. at 1724. Therefore, the Court concluded, the plaintiff's filing of the right-to-sue letter within the statutory period had not properly "commenced" a Title VII action, and the ninety-day filing requirement had not been met. In a footnote, the Supreme Court further observed that the plaintiff's subsequent filing of an amended complaint had not cured the pleading defects in the right-to-sue letter because the letter was not an "original pleading" to which a later amendment could "relate[ ] back" under Rule 15(c), Fed.R.Civ.P. *Baldwin County, supra,* 466 U.S. at 149–50 n. 3, 104 S.Ct. at 1724–25 n. 3. Finding no justification in the record for equitably tolling the statutory filing period, the Supreme Court reversed the judgment of the circuit court, which had held that the plaintiff's filing of a right-to-sue letter had tolled the ninety-day filing requirement. *Id.* at 151–52, 104 S.Ct. at 1725–26.

The Court rejects defendant's implicit argument that the Supreme Court's decision in *Baldwin County* mandates dismissal of the instant action. The Title VII complaint in question here, while hardly a model of detailed pleading, is readily distinguishable from the right-to-sue letter at issue in *Baldwin County.* In contrast to a bare right-to-sue letter, the complaint filed here gave defendant actual notice that a Title VII claim was being brought against it, one of the Supreme Court's central concerns in *Baldwin County.* Strong policies weigh heavily against reading the Supreme Court's holding in that case to extend beyond its facts to the complaint at issue here. Furthermore, even if the complaint were deemed not to have properly commenced a Title VII action, the circumstances of this case present ample justification for tolling the statutory filing period to allow plaintiff to serve and file an amended complaint.

### 1. Adequacy of Complaint to Commence Action

In *Baldwin County,* the Supreme Court made clear that Title VII actions hold no "special status under the [Federal] Rules of Civil Procedure," 466 U.S. at 150, 104 S.Ct. at 1725, and therefore can only be commenced by the filing of a complaint as provided in Rule 3, Fed.R.Civ.P. The right-to-sue letter before it could not be considered a complaint within the contemplation of Rule 3, the Court held, because it lacked the basic ingredients of a pleading, including "a short and plain statement of the [plaintiff's] claim," Rule 8(a)(2), Fed.R. Civ.P. In discussing the applicability of Rule 15(c), Fed.R.Civ.P., the Court noted further that the right-to-sue letter could not be treated as an "original pleading" to which subsequent amendments could relate back because it had not given the defendant " 'fair notice of what the plaintiff's claim [was] and the grounds upon which it rest[ed].' " 466 U.S. at 149–50 n. 3, 104 S.Ct. at 1724–25 n. 3 (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). Indeed, it would appear that the defendant in *Baldwin County* first received notice of the plaintiff's Title VII claim when it was served with an "amended complaint" drafted and filed by counsel who subsequently appeared for the plaintiff in that action. *See* 466 U.S. at 157, 104 S.Ct. at 1728 (Stevens, J., dissenting).

The complaint plaintiff presented to the Pro Se Office of this Court on July 29, 1985 is a four-page typed form pleading that the

Office had provided plaintiff, and on which plaintiff essentially "filled in the blanks" with information relevant to his particular case. In contrast to the right-to-sue letter at issue in *Baldwin County*, the document plaintiff presented here was denominated "Complaint" and set forth—albeit in general terms—the essential elements of plaintiff's action. Those include the statutory bases of his claim (Title VII and other provisions of the Civil Rights Acts), the claim itself (discrimination in employment on the basis of race), the factual basis of the claim (defendant's failure to hire him), and the relief sought (both injunctive and monetary, "as may be appropriate"). Further, the form complaint employed here, in contrast to the right-to-sue letter in *Baldwin County*, was treated without question as an original pleading by the Pro Se Office, which processed it, by the acting Chief Judge of the District, who granted IFP status to file it, by the Clerk's Office, which docketed and filed it, and by the United States Marshal's Office, which served it with a summons upon defendant.

Unlike the right-to-sue letter at issue in *Baldwin County*, the form complaint challenged here at a minimum gave Flower Hospital actual notice that an action had been filed in which it was named a defendant, and apprised Flower in general terms of the nature of plaintiff's claim of discrimination. Having received some notice from the form complaint in question of both "plaintiff's claim ... and the grounds upon which it rests," *Conley, supra*, 355 U.S. at 47, 78 S.Ct. at 102, defendant cannot argue in good faith that it stands in the same position as the defendant in *Baldwin County*, which received *no* notice of an impending Title VII suit until it was served with an "amended complaint" some time after the plaintiff there had submitted her right-to-sue letter to the district court. In the Court's view, the form complaint at issue does not present the problems of notice that troubled the Supreme Court in *Baldwin County*, and therefore the facts of this action are distinguishable from those presented to the Supreme Court in that case.

Defendant's attack upon the sufficiency of the complaint is not entirely unfounded, however. As the Supreme Court observed in *Baldwin County*, "the Federal Rules ... do not require a claimant to set forth an intricately detailed description of the asserted basis for relief" in order to satisfy the general pleading standard for civil actions brought in federal court. 466 U.S. at 149–50 n. 3, 104 S.Ct. at 1724–25 n. 3. Nonetheless, it is well established in this Circuit, as elsewhere, that a plaintiff seeking to bring an employment discrimination or other civil rights action cannot rest on naked assertions or conclusory allegations of discrimination, but must plead some concrete, supporting facts in order to state a claim under Rule 12(b)(6), Fed.R.Civ.P. *See Martin v. New York State Dep't of Mental Hygiene*, 588 F.2d 371, 372 (2d Cir.1978) (*per curiam*); *Richards v. New York State Dep't of Correctional Services*, 572 F.Supp. 1168, 1174 (S.D.N.Y.1983); *Morpurgo v. Board of Higher Education*, 423 F.Supp. 704, 711 (S.D.N.Y.1976).

While the complaint in the instant case indicates the general nature of plaintiff's grievance against Flower, it may legitimately be attacked under Rule 12(b)(6). The pleading provides no details of the circumstances under which Flower allegedly denied plaintiff employment, nor does it suggest plaintiff's reason(s) for concluding that defendant denied him a position because of his race.[7] On a simple motion to dismiss for failure to state a claim, therefore, the Court almost assuredly would grant the motion with leave to plain-

---

**7.** The parties agree that these defects in the complaint would have been obviated had plaintiff attached to the pleading a copy of the charge of discrimination he originally filed with the EEOC. As the Court observes *infra* at 11, the form complaint plaintiff used referred on its last page to an "attached" EEOC charge, but did not explicitly direct the *pro se* litigant to append a copy of the charge to the complaint or to provide a separate statement of the facts underlying his or her Title VII claim. The form plaintiff employed, the Court notes further *infra*, has since been revised to correct these deficiencies.

tiff to file an amended complaint curing the deficiencies of the original pleading.[8] The Court rejects defendant's argument, however, that the complaint should be dismissed *without* leave to replead, on the ground that its defects are so fundamental that it cannot be viewed as an "original pleading" to which any subsequent amendment could relate back under Rule 15(c), Fed.R.Civ.P. Defendant's argument, and the broad reading of *Baldwin County* on which it is based, run counter to fundamental policies of both Congress and the courts. Absent some indication in *Baldwin County* to the contrary, this Court will not presume the Supreme Court to have intended its holding to extend beyond the facts of that case.

What defendant's argument implies—and what gives this Court pause—is the general proposition that whenever a *pro se* litigant presents a Title VII complaint in timely fashion to a district court, but the complaint is sufficiently defective as to be subject to attack on a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., the complaint should be disregarded both for Title VII filing purposes and under the general pleading rules, and further, that it should be deemed incapable of cure by subsequent amendment. Such a proposition flies in the face of several important legislative and judicial objectives, not the least of which is manifested in Congress' enactment and the federal courts' enforcement of Title VII and other legislation intended to remedy the effects of unlawful discrimination. Both the Supreme Court and this Circuit, for example, have eschewed hypertechnical constructions of Title VII's filing requirements that would needlessly burden or hamper litigants seeking redress under the statute. *See e.g., Love v. Pullman Co.,* 404 U.S. 522, 526–27, 92 S.Ct. 616, 618–19, 30 L.Ed.2d 679 (1972) (double filing of charges with both state agency and EEOC not required); *Snell v. Suffolk County,* 782 F.2d 1094, 1100–02 (2d Cir.1986) ("single filing rule" adopted, providing that where one plaintiff has filed timely EEOC charge, non-filing plaintiffs may be joined in court action if individual claims are sufficiently similar).

Defendant's proposition further conflicts with the liberal principles of pleading and amendment embodied in Rules 8 and 15 of the Federal Rules of Civil Procedure. *See generally* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1215 (1969) ("Wright & Miller"); 6 Wright & Miller §§ 1471, 1473–74 (1971). Even more importantly, it contradicts "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson, supra,* 355 U.S. at 45–46, 78 S.Ct. at 101–02. Finally, defendant's argument contravenes the Supreme Court's general admonition that *pro se* complaints should be "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (*per curiam*).

In view of the significant policies that militate against dismissing a *pro se* Title VII complaint with prejudice on an initial motion to dismiss, the Court declines to read *Baldwin County* so broadly as to require that result, but instead views the holding in that case to be limited essentially to its facts. Professors Wright and Miller likewise have concluded that *Baldwin County* should be construed to hold only that the filing of a right-to-sue letter is not equivalent to the filing of a complaint. 6 Wright & Miller § 1497 at 236–37 (1986 Supp.). The commentators acknowledge that,

[c]onstrued most broadly, the Court's opinion seems to suggest that if the initial complaint is defective for failure to state a claim for relief then an amendment seeking to cure those defects would not be allowed to relate back. But this

---

**8.** Judge Sand granted precisely this relief in an age discrimination action in which the plaintiff also had not attached his EEOC charge to the complaint. *See Reilly v. New York City Transit Auth.,* No. 84 Civ. 1656(LBS) (S.D.N.Y. Feb. 25, 1985) (available on LEXIS and WESTLAW).

interpretation seems wrong since one of the functions of Rule 15 is to allow amendments to expand or cure defective pleadings.

*Id.* at 237. For this and other reasons, the Court likewise determines that *Baldwin County* does not dictate dismissal of the instant action. The Court holds that the form complaint plaintiff presented to the Pro Se Office on July 29, 1985, while hardly an extensive pleading, was sufficient to commence an action for purposes of both Rule 3, Fed.R.Civ.P., and the Title VII filing limitation.[9]

### 2. Equitable Tolling

■ Even if the complaint at issue were deemed not to have properly "commenced" a Title VII suit, dismissal of the action still would be unwarranted. In contrast to the factual record before the Supreme Court in *Baldwin County,* the circumstances presented here plainly justify an equitable tolling of the ninety-day filing period to permit plaintiff to amend his complaint to set forth in greater detail the factual underpinnings of his Title VII claim.

As noted previously, plaintiff obtained a Title VII form pleading from the Pro Se Office of the Court, filled it out and presented it to the Pro Se Clerk with an IFP application within the statutory filing period. Plaintiff attached to the complaint

his right-to-sue letter, as the complaint specifically directed him to do. *See* Complaint at ¶ 8. On its last page, the form pleading also refers to an "attached" copy of the plaintiff's EEOC charge "submitted as a brief statement of the facts of [plaintiff's] claim." Complaint at ¶ 12. The form does not explicitly direct the *pro se* plaintiff to attach the EEOC charge, however, nor does it otherwise instruct the litigant to supply a detailed statement of facts in support of his or her claim. Plaintiff did not append his EEOC charge to the complaint, and did not attach any other documents to the form pleading.

The parties agree that, had plaintiff appended a copy of his EEOC charge to the complaint, the pleading would have included enough specific factual allegations to withstand the present attack under Rule 12(b)(6), Fed.R.Civ.P. The complaint form plaintiff employed, however, cannot be read as giving *pro se* plaintiffs notice that the failure to attach an EEOC charge or other separate statement of facts might render the pleading *fatally* defective.

The Pro Se Office has recently made substantial changes in the form complaint it provides to *pro se* litigants in Title VII actions. *See* Affidavit of Marilyn T. Trautfield, Pro Se Clerk, at ¶ 5 (sworn to May 23, 1986). As the Pro Se Clerk of the Court

**9.** The limited reading the Court gives *Baldwin County* in this case is not inconsistent with decisions of other federal courts that have applied the Supreme Court's holding to the cases before them. In virtually all of those instances, the courts were faced with the same or similar facts as those presented in *Baldwin County,* namely, the plaintiff's submission of a right-to-sue letter or motion for appointment of counsel (but not a complaint) within the statutory filing period. On those facts, most of the courts have held *Baldwin County* controlling and, accordingly, have dismissed the Title VII actions before them as untimely filed. *See, e.g., Firle v. Mississippi State Dep't of Educ.,* 762 F.2d 487 (5th Cir.1985); *Millard v. La Pointe's Fashion Store, Inc.,* 736 F.2d 501 (9th Cir.1984); *Jackson v. Pala, Inc.,* 621 F.Supp. 1119, 1120-21 (M.D.La. 1985); *Birge v. Delta Air Lines, Inc.,* 597 F.Supp. 448, 454-55 (N.D.Ga.1984); *see also Antoine v. United States Postal Service,* 781 F.2d 433, 438 (5th Cir.1986) (copies of Postal Service investigation form and final decision, filed within statutory period, also did not meet pleading re-

quirements of Federal Rules and therefore did not serve to commence Title VII action).

The Eleventh Circuit has held, however, that the requirements of *Baldwin County* may be met where the Title VII plaintiff timely files both his or her right-to-sue letter *and* EEOC charge, *Judkins v. Beech Aircraft Corp.,* 745 F.2d 1330 (11th Cir.1984) (*per curiam*), or where the plaintiff's application for appointment of counsel or for IFP status—filed within the ninety-day period—adequately describes the legal and factual basis of his or her discrimination claim, *Robinson v. City of Fairfield,* 750 F.2d 1507, 1511 (11th Cir. 1985) (*per curiam*). The Seventh Circuit, relying on *dictum* in the Supreme Court's opinion, has held that *Baldwin County* does not disturb that circuit's prior rule, which was that a good-faith request for appointed counsel made within the statutory period will toll the ninety-day limitation until such time as the request is acted upon. *Brown v. J.I. Case Co.,* 756 F.2d 48, 51 (7th Cir.1985); *see Baldwin County, supra,* 466 U.S. at 151, 104 S.Ct. at 1725.

attests in the affidavit she has submitted relevant to defendant's motion, the form complaint plaintiff originally employed in this action possessed several defects, not the least of which was its failure to specifically alert *pro se* plaintiffs that they should attach a copy of their EEOC charge to the pleading and to require plaintiffs to set forth the specific facts underlying their claims. *Id.* at ¶¶ 3–4. The Pro Se Clerk therefore has revised the Title VII form complaint, a copy of which is annexed as an exhibit to her affidavit, to specifically direct Title VII plaintiffs to attach a copy of their EEOC charge to the complaint, and to require them to set forth the facts of their case in the body of the complaint (and on additional pages if necessary). *Id.* at ¶ 5 and Exhibit at 2 & 3. Under these circumstances, the Pro Se Clerk urges that plaintiff in the instant case not be penalized for having relied on the admittedly defective form complaint that the Pro Se Office originally provided him. *Id.* at ¶ 6.[10]

In *Baldwin County,* the Supreme Court reviewed the circumstances under which

**10.** In a recently submitted affidavit, defendant takes issue with the Pro Se Clerk's recommendation that defendant's motion be denied. Flower reiterates its argument that the form complaint in question adequately notified plaintiff that he should attach his EEOC charge as a "minimal statement of facts showing that he is entitled to relief," Affidavit of John F. Gibbons at ¶¶ 3 & 6 (sworn to June 24, 1986). Flower implies that for the Court to deny defendant's motion as the Pro Se Clerk has urged would be to hold *pro se* plaintiffs and the Pro Se Office to a "lesser standard" than other litigants in the federal courts. *Id.* at ¶ 4. Defendant notes in particular that plaintiff is a college graduate, "not a typical unsophisticated Pro Se plaintiff without other experience in federal employment discrimination," and suggests that by signing and submitting the complaint without having attached his EEOC charge, plaintiff ran afoul of the requirements of Rule 11 of the Federal Rules of Civil Procedure. *Id.* at ¶ 5. (The rule provides in relevant part that a party's or attorney's signature on a pleading or other formal submission "constitutes a certificate by him that he has read the pleading ... or other paper; that to the best of his knowledge, information and belief ... it is well grounded in fact ..., and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay....")

Defendant's arguments do not sway the Court from its initial assessment of the merits of the parties' respective positions, but do call forth the following observations. The liberal treatment long shown to *pro se* litigants in the federal courts, *see Haines v. Kerner, supra,* follows from two fundamental notions. One is that a lay person—even one with expertise in an academic or professional field other than law—cannot fairly be expected to master, for purposes of a single lawsuit, all of the technical requirements for commencing and pursuing an action in federal court, or to appreciate every possible consequence of failure to comply with a particular rule or order. A second notion is that the *pro se* litigant—who more often than not proceeds without counsel because he or she cannot afford an attorney—is necessarily at a disadvantage opposite a party represented by competent, experienced litigators, and should not be deprived of his or her day in court by opposing counsel's deft manipulation of legal rules and doctrines.

The arguments defendant has advanced here are testaments in themselves to the need for judicial solicitude in cases involving *pro se* litigants on the one side and experienced trial counsel on the other. Defendant has maintained that plaintiff's complaint did not adequately notify it of the nature of plaintiff's employment discrimination claim. The thrust of defendant's position is not that it was *prejudiced* by plaintiff's failure to attach his EEOC charge to the complaint, however. Rather, defendant advances a purely legal argument, based upon a strict reading of Rule 8(a)(2), Fed.R.Civ.P., an extremely broad reading of *Baldwin County Welcome Center v. Brown, supra,* and three circuit court decisions, two of which are plainly inapposite and actually *undercut* defendant's position. (The Second Circuit affirmed the dismissal of an age discrimination action in *Dugan v. Martin Marietta Aerospace,* 760 F.2d 397 (2d Cir.1985), only after examining *both* the plaintiff's *pro se* complaints and an amended complaint drafted by counsel, and concluding that facts alleged in one of the pleadings *affirmatively demonstrated* that the plaintiff was not performing his job satisfactorily at the time he was discharged. In *McDonald v. Hall,* 610 F.2d 16 (1st Cir.1979), the First Circuit *reversed* the district court's dismissal of a § 1983 complaint as to all but *one* of the claims raised by the *pro se* prisoner plaintiff, noting that although the plaintiff would have a difficult burden of proof on remand, "to say that [the] complaint is insufficient would require us to invoke a standard more stringent than called for in a pro se action." 610 F.2d at 18.)

In implying that the Pro Se Clerk advocates holding *pro se* plaintiffs to a "lesser standard" than other litigants in federal court, defendant plainly misperceives the import of *Haines v. Kerner. Pro se* litigants do not operate in this or any other federal court under entirely different *standards.* Rather, they are not required to

equitable principles might justify a tolling of the ninety-day filing period for Title VII complaints. These include "case[s] in which a claimant has received inadequate notice, ... where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, ... where the court has led the plaintiff to believe that she had done everything required of her, ... [or] where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." 466 U.S. at 151, 104 S.Ct. at 1725 (citations omitted). On the record before it, the Supreme Court in *Baldwin County* held that none of these circumstances was present, and further, that the plaintiff herself had not exercised diligence in attempting to preserve her Title VII claim. The Supreme Court therefore reversed the circuit court's holding that, by filing her right-to-sue letter, the plaintiff had equitably tolled the statutory period for properly commencing a Title VII action.[11]

In contrast, the facts of the instant case plainly support the application of equitable tolling principles. Whether plaintiff's use of a defective form pleading is more accurately characterized as "a case in which [the] claimant has received inadequate notice" or one "where the court has led the plaintiff to believe that [he] had done everything required of [him]," 466 U.S. at 151, 104 S.Ct. at 1725, equity dictates that plaintiff should not be deprived of his available remedies under Title VII because he relied on a form complaint now acknowledged to be inadequate on its face. *Cf. Martinez v. Orr*, 738 F.2d 1107, 1110–12 (10th Cir.1984) (equitable tolling doctrine applied where plaintiff reasonably misinterpreted ambiguous EEOC right-to-sue letter); *but cf. also Birge v. Delta Air Lines, Inc.*, 597 F.Supp. 448, 456–57 (N.D.Ga.1984) (district court's acceptance of right-to-sue letter and affidavit for filing, and subsequent "inaction," held not to have "ratified" plaintiff's actions or "lulled" plaintiff into not filing timely complaint so as to warrant equitable tolling of statutory filing period).

observe many of the *formalities* in their submissions that would be expected of counsel and, where their submissions are deficient, are given perhaps more opportunities to *correct* the deficiencies than would be allowed experienced trial attorneys. In the instant case, for example, the Court has held plaintiff's complaint to no less or different a standard than that of Rule 12(b)(6), Fed.R.Civ.P. *See supra* at 7–8. What defendant seeks in addition—and what the Court holds would be untoward to grant—is a dismissal of the complaint *with prejudice*. Even assuming the oblique reference in the complaint to an "attached" charge notified plaintiff by implication that he should append his EEOC charge, the form pleading did not give plaintiff reasonable notice that the consequence of a failure to attach the charge would be a final dismissal of his Title VII action. Plaintiff, a layman, was entitled to rely on the form complaint provided him by the Pro Se Office of the Court; under the circumstances, there was no reason for him to independently research the pleading requirements of the Federal Rules of Civil Procedure to determine whether the complaint would be adequate. Having reasonably relied on a form pleading provided by the Pro Se Office that was, at best, ambiguous with regard to what additional materials or information a plaintiff must provide, plaintiff here will be given the opportunity to amend the pleading to correct its deficiencies.

Finally, defendant's suggestion that plaintiff may have violated Rule II by signing and filing the complaint without attaching his EEOC charge is, quite simply, offensive to this Court. At worst, plaintiff's failure to append the charge to his complaint was the result of inadvertence. By no stretch of the legal imagination has plaintiff's conduct at *any* stage of this litigation approached that contemplated under Rule 11. Counsel is advised to limit its invocation of the rule in the future to *appropriate* circumstances.

11. In a dissenting opinion in which Justices Brennan and Marshall joined, Justice Stevens took strenuous exception to the majority's conclusion that the *pro se* plaintiff had not acted diligently to preserve her Title VII claim. "[A] fair reading of the entire record," he maintained, "would yield the conclusion that [the plaintiff] was led to believe that she needed an attorney in order 'to draft a lawsuit' " as she had been instructed to do by a magistrate of the district court. 466 U.S. at 168–69, 104 S.Ct. at 1734–35. Contrary to the majority's conclusion that the plaintiff "was told three times what she must do to preserve her claim, and ... did not do it," *id.* at 151, 104 S.Ct. at 1725, Justice Stevens observed that plaintiff *had* filed a complaint, after her motion for appointment of counsel had been denied and she had obtained counsel on her own. *Id.* at 157 & 169, 104 S.Ct. at 1728 & 1735.

Nor has plaintiff here failed to act diligently to preserve his claim. He presented the form complaint to the Pro Se Office within the statutory period. After being granted IFP status, plaintiff promptly sought the assistance of the United States Marshal's Office to effect service on defendant as provided in Rule 4(c)(2)(B)(i), Fed.R.Civ.P. Having received notice by way of defendant's motion to dismiss that the complaint arguably was defective, plaintiff cross-moved for leave to amend the pleading and provided the Court at that time with a copy of the omitted EEOC charge.

In sum, plaintiff's diligence in pursuing his claim and his reasonable reliance on an inadequate pleading form provided by the Pro Se Office of the Court would justify an equitable tolling of the ninety-day filing period so that plaintiff might amend his complaint to bring it into full compliance with the pleading requirements of the Federal Rules.[12]

### B. *Nielsen's Cross-Motion for Leave to Amend*

■ The above rejection of defendant's arguments for dismissing the complaint

with prejudice similarly disposes of much if not all of Flower's opposition to plaintiff's cross-motion for leave to amend the complaint.

Plaintiff cross-moves for leave to amend the complaint to add the contents of the EEOC charge he failed to attach to the original pleading. At the time plaintiff cross-moved (as is still the case), defendant had not yet filed a responsive pleading, and therefore plaintiff could still amend the complaint once as a matter of right. *See* Rule 15(a), Fed.R.Civ.P.; *Chodos v. Federal Bureau of Investigation,* 559 F.Supp. 69, 70 n. 2 (S.D.N.Y.), *aff'd mem.,* 697 F.2d 289 (2d Cir.1982); 6 Wright & Miller § 1483 at 411–12. Even if a responsive pleading had been filed, in which case plaintiff would require leave of the Court to amend the complaint, Rule 15(a) makes clear that such "leave shall be freely given when justice so requires."

Defendant's sole argument in opposition to the proposed amendment is that, because the original complaint did not include a "short and plain statement of the claim" as required by Rule 8(a)(2), Fed.R.Civ.P., it

**12.** In *Baldwin County,* the Supreme Court did not reach the question of how long the statutory filing period may be tolled in circumstances in which equitable tolling is found to be appropriate. The Court observed without comment that the circuit court below had applied a "reasonable time" standard, citing *Huston v. General Motors Corp.,* 477 F.2d 1003 (8th Cir.1973). Given the myriad circumstances in which equity might justify a tolling of the statutory limitation, it is hard to imagine how the ninety-day period could be tolled under anything *but* a flexible "reasonableness" standard. *But see Antoine v. United States Postal Service, supra,* 781 F.2d at 439 (suggesting that where statutory period is tolled by timely application for appointment of counsel, alternative approach could be to toll for only the number of days the motion was *sub judice*). Regardless of the limiting principle employed, however, a court must take into account the potential prejudice to the defendant of further delaying the litigation to permit the plaintiff to meet the filing requirements of the statute. *See, e.g., Harris v. Walgreen's Distrib. Center,* 456 F.2d 588, 592 (6th Cir.1972).

In the instant case, the Court has already determined that plaintiff proceeded diligently in filing his original complaint and in attempting to

correct its deficiencies once they were brought to his attention. *See supra* at 13–14. In addition, however, defendant has not demonstrated that it was prejudiced by plaintiff's initial failure to append his EEOC charge to the original pleading, nor that it will have suffered additional prejudice if the statutory period is deemed tolled through the date of this Opinion, by which the Court directs the Clerk of the Court to file plaintiff's proposed amended complaint. Defendant has had actual notice of the pendency of the instant Title VII action since, by its own admission, it received service of a summons and complaint on December 12, 1985. Defendant received notice of the additional factual allegations contained in plaintiff's EEOC charge when it was served with plaintiff's cross-motion for leave to amend the complaint. Since the holding of a conference earlier this year on the parties' cross-motions, at which time the Court advised defendant's counsel that it intended to deny defendant's motion to dismiss and to grant plaintiff leave to amend, the parties have been engaging in mutual discovery of the other's respective legal and factual contentions. Under all the circumstances, the Court concludes that the period of tolling permitted here is reasonably justified and has caused defendant no cognizable prejudice.

is not an "original pleading" to which a subsequent amendment could relate back under Rule 15(c), Fed.R.Civ.P. *See Baldwin County, supra,* 466 U.S. at 149–50, 104 S.Ct. at 1724–25. Under these circumstances, defendant impliedly argues, plaintiff's proposed amendment must be denied because it would be futile. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Kaster v. Modification Systems, Inc.,* 731 F.2d 1014, 1018 (2d Cir.1984). Since the Court disposed of the substance of this argument in ruling above on defendant's motion to dismiss, it need not tarry long on the issue as recast here.

In the previous discussion, the Court rejected defendant's reading of a footnote in *Baldwin County* that, if broadly construed, would suggest that whenever an original complaint fails to state a claim under Rule 12(b)(6), Fed.R.Civ.P., a subsequent amendment designed to cure the defect will not be allowed to relate back under Rule 15(c), Fed.R.Civ.P. Thus, the Court held, the complaint plaintiff presented to the Pro Se Office in July 1985—although admittedly deficient under Rule 12(b)(6)—was adequate to commence the instant Title VII action and susceptible to "cure" by subsequent amendment. Even assuming plaintiff's original complaint were deemed "fatally" defective, however, the Court held above that equitable principles would justify tolling the Title VII filing period to permit plaintiff to file an amended complaint that complies fully with the pleading requirements of the Federal Rules. Under either branch of the Court's analysis, plaintiff's proposed amendment is not futile.

The EEOC charge plaintiff seeks to add to the complaint would cure the defects of the original pleading by providing supporting facts for plaintiff's claim of a discriminatory failure to hire. Inasmuch as the additional allegations contained in the EEOC charge relate to the same "occurrence ... [that plaintiff] attempted to ... set forth in the original pleading," they could properly be deemed to relate back to the filing [13] of the original complaint. *See* Rule 15(c), Fed.R.Civ.P.[14] Under the doctrine of equitable tolling, however, it is not even necessary to apply the relation-back rule. By tolling the Title VII filing period to permit plaintiff to file an amended complaint, the Court effectively disregards the original complaint and allows the amendment to be treated as an initial pleading for Title VII filing purposes. Under this application of the tolling doctrine, it becomes irrelevant whether the amended complaint "relate[s] back" to the original pleading under Rule 15(c), Fed.R.Civ.P. Under all the circumstances, plaintiff plainly should be given the opportunity to amend the complaint along the lines he has proposed.

## CONCLUSION

For the reasons stated above, the Court concludes that plaintiff commenced the in-

---

**13.** For Title VII filing purposes, it will be recalled, the complaint is deemed filed on July 29, 1985, the day plaintiff presented the complaint together with an IFP application to the Pro Se Office, by application of the equitable filing rule followed by the courts of this District. *See supra* at 2–3 & n. 3.

**14.** It is noteworthy that the additional allegations plaintiff seeks to plead by way of amendment do not raise new claims or add new parties, but merely clarify and elaborate on plaintiff's original claim of a discriminatory refusal to hire. The proposed amendment therefore does not implicate the concerns of "notice" that underlie Rule 15(c). *See generally* 6 Wright & Miller § 1496; *cf., e.g., Paskuly v. Marshall Field & Co.,* 646 F.2d 1210 (7th Cir.) (*per curiam*), *cert. denied,* 454 U.S. 863, 102 S.Ct. 321, 70 L.Ed.2d 162 (1981) (amendment of Title VII complaint to add class claim of sex discrimination related back to original pleading because broad allegations of discriminatory practices in EEOC charge and original complaint placed defendant on notice of likelihood that class-wide action ultimately would be filed), *with Badillo v. Central Steel & Wire Co.,* 495 F.Supp. 299, 304 (N.D.Ill.1980) (amendment of Title VII complaint to add charges of sex discrimination held not to relate back to filing of original complaint alleging discrimination on basis of race and national origin). *Cf. also Schiavone v. Fortune,* —— U.S. ——, 106 S.Ct. 2379, 91 L.Ed.2d 18 (U.S.1986) (amendment of complaint in libel action to identify defendant as "Fortune, also known as Time, Incorporated" held not to relate back to filing of original complaint where Time had not received "proper notice" of pending lawsuit within applicable limitations period).

stant Title VII action in a timely manner by presenting his complaint to the Pro Se Office of the Court within the statutory period. Even if plaintiff were deemed not to have properly commenced the action by filing the complaint in question, however, the Court concludes that the circumstances of this case justify an equitable tolling of the statutory filing period to permit plaintiff to serve and file an amended complaint that fully complies with the pleading requirements of the Federal Rules.

Accordingly, defendant's motion is denied and plaintiff's cross-motion is granted. The Clerk of the Court is directed to docket and file the amended complaint plaintiff originally submitted to the Court with his cross-motion for leave to amend. In the event plaintiff did not serve defendant with a complete copy of the amended pleading at the time he served and filed his cross-motion, he is directed to do so no later than July 24, 1986. The parties shall complete discovery by September 12, 1986 and file a joint pretrial order by October 10, 1986.

It is so ordered.