**Douglas E. LEE, Plaintiff,**

**v.**

**Thomas A. COUGHLIN, III, Commissioner of New York State Correctional Services; Superintendent Harold J. Smith; Donald Selsky; Judith Lapook, Esq.; Captain R. Kirby; Correction Officer R.D. Case, Defendants.**

**No. Civ–85–1457T.**

United States District Court,
W.D. New York.

Sept. 15, 1986.

Douglas E. Lee, Stormville, N.Y., pro se.

Robert Abrams, Atty. Gen. of New York, Carlos Rodriguez, Asst. Atty. Gen., of counsel, Rochester, N.Y., for defendants.

## DECISION AND ORDER

TELESCA, District Judge.

### BACKGROUND

The facts pertinent to the motion now before me are largely undisputed. Douglas E. Lee, the *pro se* plaintiff in this civil rights action, is a New York State prisoner presently confined at the Greenhaven Correctional Facility. On February 10, 1983, while Lee was imprisoned at the Attica Correctional Facility, he received several pieces of mail addressed to "Dr. Douglas E. Lee, PhD." On February 11, an inmate misbehavior report was filed by Corrections Officer Richard D. Case, who accused Lee of violating Facility rules against lying and impersonation, as well as specific instructions not to use the titles "Dr." or "PhD." with his name. Defendant Harold J. Smith, the Superintendent of the Attica Facility at that time, reports that this restriction was imposed because outsiders had apparently been deceived into believing that Lee was a member of the Attica medical staff.

On the basis of the inmate misbehavior report filed by Officer Case, Lee alleges that he was punished with solitary confinement in his cell for several days. A superintendent's hearing on the charges was conducted on February 16, 1983 before Captain R.J. Kirby, who dismissed the charges on the grounds that plaintiff had no control over the addresses on his incoming mail.

In this civil rights action brought under 42 U.S.C. § 1983, plaintiff—who identifies himself as "Dr. Douglas E. Lee, M.D."—alleges that the inmate misbehavior report and the resulting deprivation of his liberty were in retaliation for his activities as a "jailhouse lawyer." *See Purcell v. Coughlin*, 790 F.2d 263 (2d Cir.1986). He further contends that various supervisory officials in the Department of Corrections, including the other named defendants, have denied his requests to have the inmate misbehavior report expunged from his prison records. His complaint seeks compensatory and punitive damages for the alleged deprivation of his constitutional rights, as well as declaratory and equitable relief directing defendants to expunge all records of the controversial misbehavior report.

 Shortly after the filing of this complaint, plaintiff and defendants cross-moved for summary judgment on the merits of the action. Defendants also moved for summary judgment on the grounds that this action is barred by the applicable statute of limitations.[1] In light of the "settled federal practice" of reaching constitutional questions only when a case cannot be decided on statutory grounds, *New York City*

---

1. In a decision and order dated July 24, 1986, I denied the motion to dismiss on limitations grounds without prejudice. Under the settled law of this Circuit, I concluded that defendants were barred from raising that affirmative defense, since it was omitted from the answer they had previously filed, and they had not yet requested leave to amend the answer. *See Doubleday & Co., Inc. v. Curtis*, 763 F.2d 495, 503 n. 10 (2d Cir.1985); *Satchell v. Dilworth*, 745 F.2d 781, 785 (2d Cir.1984); Fed.R.Civ.P. 8(c).

Defendants promptly moved to amend their answer to add the affirmative defense of statute of limitations, and to renew their motion for summary judgment on those grounds. Although that motion was opposed by plaintiff, it is clear that he would not be unfairly prejudiced in any way by allowing that amendment at this early stage in this litigation, particularly since he was put on notice of the issue by defendants' summary judgment motion in March. In keeping with the liberal provision for amendment of pleadings in Fed.R.Civ.P. 15(a), therefore, defendants' motion to amend their answer is granted. Their motion for summary judgment on the statute of limitations issue is therefore once again before me.

*Transit Authority v. Beazer*, 440 U.S. 568, 582, 99 S.Ct. 1355, 1364, 59 L.Ed.2d 587 (1979), this Court is obligated to decide defendants' statute of limitations argument before considering the merits of plaintiff's constitutional claims. There is no dispute that this action was commenced in December 1985, approximately two years and ten months after the filing of the inmate misbehavior report and subsequent superintendent's hearing.[2]

## DISCUSSION

The Reconstruction Civil Rights Acts do not contain a statute of limitations for actions brought under 42 U.S.C. § 1983. In accordance with the Congressional command of 42 U.S.C. § 1988, therefore, federal courts must look to state law to borrow an appropriate rule, and will adopt the most analogous state statute of limitations that is not inconsistent with federal laws or policy. *Burnett v. Grattan*, 468 U.S. 42, 49, 104 S.Ct. 2924, 2929, 82 L.Ed.2d 36 (1984).

At the time of the events described in Lee's complaint, it was settled that the most analogous New York statute of limitations for all § 1983 actions was the three year period set forth in New York Civil Practice Law & Rules (CPLR) § 214(2) for actions to recover upon a liability created or imposed by statute. *Pauk v. Board of Trustees of the City University of New York*, 654 F.2d 856 (2d Cir.1981), *cert. denied*, 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982). Long before this action was commenced, however, the United States Supreme Court held that all § 1983 claims must be characterized, for the purposes of borrowing an analogous statute of limitations from state law, as actions to recover damages for injuries to the person. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985).

As I noted in *Doty v. Rochester City Police Department*, 625 F.Supp. 829 (W.D. N.Y.1986), New York provides two personal injury limitation periods which can arguably be analogized to the § 1983 remedy. New York law allows one year to commence an action to recover damages for the intentional personal injuries listed in CPLR § 215(3), which include assault, battery, false imprisonment, malicious prosecution, defamation, and violation of statutory privacy rights. Almost all other personal in-

2. Plaintiff has conceded defendants' contention that the timeliness of this action must be measured from the date of his disciplinary hearing on February 16, 1986. That is not entirely correct. In fact, portions of the complaint appear to request prospective equitable relief against allegedly ongoing constitutional violations. Nevertheless, it is clear that at least one major aspect of this complaint—namely, Lee's cause of action for damages from Officer Case—accrued no later than February 1983. It is therefore necessary to determine the applicable statute of limitations, in order to decide whether defendants are entitled to at least partial summary judgment.

The Supreme Court has not yet decided whether a federal cause of action is "commenced" for the purpose of tolling a statute of limitations by the mere act of filing a complaint with the court, nor whether that question is determined by federal or state law. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 750–51, nn. 10 and 11, 100 S.Ct. 1978, 1985–86 nn. 10 & 11, 64 L.Ed.2d 659 (1980); Analysis by Congressman Edwards of the Federal Rules of Civil Procedure Amendments Act of 1982, 128 Cong.Rec. H–9850, n. 14 (December 15, 1982), reprinted in 96 F.R.D. 116, 120. In the specific context of Fed-

eral Civil Rights Actions, it can be argued that the commencement of an action must be defined by state law, *see Board of Regents v. Tomanio*, 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980) (§ 1983 actions are generally subject to state law on tolling of limitations), which requires service of the summons upon the defendant under New York law. *See Morse v. Elmira Country Club*, 752 F.2d 35, 36–37 (2d Cir.1984); New York CPLR § 203(b)(1). In *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), however, the Supreme Court apparently followed without question the assumption of the court below that a § 1983 action is commenced for statute of limitations purposes on the date the complaint is filed in Federal District Court. *Id.*, 105 S.Ct. at 1940–41. Following the settled law of this Circuit, therefore, I will proceed on the assumption that this § 1983 action was commenced for limitations purposes on December 2, 1985, when it was received by the Clerk of this Court. *Rosenberg v. Martin*, 478 F.2d 520, 522 & n. 1a (2d Cir. 1973), *cert. denied*, 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973); *Salahuddin v. Milligan*, 592 F.Supp. 660 (S.D.N.Y.1984), *aff'd. without opinion*, 767 F.2d 908 (2d Cir.1985).

jury actions are subject to a three year period under CPLR § 214(5).[3] As Justice O'Connor observed, the opinion of the Court in *Wilson* provides little explicit guidance for selecting the proper limitations period in states, such as New York, which "def[y] the newly minted rule by supplying not one but *two* periods that govern various injuries to personal rights." *Wilson, supra*, 105 S.Ct. at 1953 (O'Connor, J. dissenting).

■ Although the applicable New York statute of limitations for § 1983 has not yet been conclusively resolved, the Court of Appeals for the Circuit has offered the opinion, albeit in dictum, that *Wilson v. Garcia* seems to mandate the application of the three year period set forth under CPLR § 214(5). *Villante v. Department of Corrections of the City of New York*, 786 F.2d 516, 520 n. 2 (2d Cir.1986). Furthermore, under the settled law of this Circuit, the one year period of CPLR § 215(3) must be rejected as "inconsistent with the Constitution and the laws of the United States." 42 U.S.C. Section 1988. In *Pauk v. Board of Trustees of City University of New York*, 654 F.2d 856, 862 (2d Cir.1981), *cert. denied*, 455 U.S. 1000, 102 S.Ct. 1631, 71 L.Ed.2d 866 (1982), the Court of Appeals for this Circuit held that:

> A federal court, searching for an analogous state limitations period for a § 1983 suit, should not select any period shorter than the two years Congress has specified as the time within which notice must be given of claims against the United States for unlawful actions by federal law enforcement officers. 28 U.S.C. §§ 1346(b), 2680(h) (1976). That expression of federal policy should establish a floor for the limitations period of § 1983 suits, so many of which concern similar conduct by state law enforcement officers.

This Court is bound to follow the Second Circuit's imputation of a federal policy requiring a minimum limitations period of two years for § 1983 suits. Although *Pauk*'s two year minimum limitations rule may be worthy of reconsideration, proper respect for the orderly administration of justice precludes a district court from disregarding the settled law of its circuit on the basis of mere speculation as to what the Court of Appeals would do if it confronted the question once again. *McMahon v. Shearson/American Express, Inc.*, 788 F.2d 94, 98 (2d Cir.1986); *Morello v. James*, 627 F.Supp. 1571, 1576 (W.D.N.Y. 1986).

## CONCLUSION

■ Regardless of which New York period of limitations I would select in the absence of controlling precedent, this District Court does not approach this question with a clean slate. The Second Circuit's tentative selection of a three year period in *Villante* is only dictum, but still worthy of great weight and respect from the lower courts of this Circuit. Furthermore, *Pauk*'s insistence on a minimum limitations period of two years, although less recent, remains the controlling law of this Circuit. Until those two precedents are reconsidered by the Court of Appeals, this Court is compelled to hold that the statute of limitations for § 1983 actions in New York is three years, in keeping with New York CPLR § 214(5).

Defendants' motion to amend their answer, in order to plead the affirmative defense of statute of limitations, is granted. Nevertheless, since Lee commenced this action less than three years after the first events described in his complaint, defendants' motion to dismiss on statute of limitations grounds is denied. The balance of the parties' motions for summary judgment shall be decided in a separate opinion.

**3.** The New York statutory limitations scheme also allows two years and six months for personal injuries caused by medical or dental malpractice, CPLR § 214–a, and two years for personal injuries suffered by Vietnam veterans exposed to toxic chemical herbicides, CPLR § 214–b. It can safely be assumed that neither of those periods affords the best New York analogy to the scope of § 1983, or to "the atrocities that concerned Congress in 1871." *Wilson, supra*, 105 S.Ct. at 1948.