## AMERICAN SURETY CO. OF NEW YORK v. DE CARLE, County Treasurer, et al. *

Circuit Court of Appeals, Ninth Circuit.
March 26, 1928.

No. 5166.

1. **Banks and banking** ⟨⟶288—On insolvency of national bank, secured creditor may receive dividends on claim, without crediting security or collections made therefrom.

In distribution of assets of insolvent national bank, secured creditor may prove and receive dividends on face of claim at time of declaration of insolvency, without crediting either security or collections made therefrom after such declaration, subject always to proviso that dividends must cease when claim has been paid in full.

2. **Banks and banking** ⟨⟶288—In distributing assets of insolvent national bank, dividends must be paid to all creditors ratably, apportioned according to claims.

In distributing assets of insolvent national bank, dividends must be paid to all creditors ratably, payments must be made according to some uniform rule, and claims against bank must necessarily be made basis of apportionment.

3. **Principal and surety** ⟨⟶174—Execution of contract of suretyship raises implied contract that principal will indemnify surety for payments to creditor.

When contract of suretyship is entered into, there arises, in absence of express agreement, implied contract that principal will indemnify surety for payments made to creditor in compliance with contract of suretyship, and such implied contract arises immediately on execution of contract of suretyship.

4. **Banks and banking** ⟨⟶288—Surety indemnifying county for part of loss on national bank's insolvency held not entitled to any payment from bank till county's claim was satisfied.

Surety for national bank to indemnify county for loss by deposit of public moneys, which

*Rehearing denied May 7, 1928.

was required in compliance with such contract to pay to county amount of bond, which did not cover all of county's losses on bank's insolvency, *held*, not entitled to any payment from bank until county's claim was satisfied in full.

Appeal from the District Court of the United States for the District of Montana; Charles N. Pray, Judge.

Suit by the American Surety Company of New York against John E. De Carle, as Treasurer of Custer County, Montana, and others. From a decree dismissing the complaint, plaintiff appeals. Affirmed.

Sterling M. Wood and Robert E. Cooke, both of Billings, Mont., for appellant.

Rudolph Nelstead, of Miles City, Mont., for appellees De Carle et al.

Charles H. Loud and William B. Leavitt, both of Miles City, Mont., for appellees Commercial National Bank *et al.*

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from a decree dismissing an amended and supplemental complaint in equity. The facts, so far as deemed material to a proper understanding of the questions presented for decision, are as follows: On June 10, 1922, the Commercial National Bank of Miles City, Mont., made application to the American Surety Company of New York for a bond of suretyship in the sum of $75,000, in favor of the treasurer of Custer county, Montana, in order to qualify the bank as a depository of public funds. The application provided that the bank should indemnify and keep indemnified the surety company from any liability, loss, costs, charges, suits, damages, counsel fees, and expenses of whatever nature which the surety company should or might for any reason, at any time, sustain or be put to in consequence of having executed the bond. February 14, 1921, the bank, as principal, and the Surety Company, as surety, executed a bond in the penal sum of $75,000 in favor of the treasurer, conditioned that the bank and the surety company would indemnify and save harmless the treasurer, his successors in office, and the state of Montana from all damages and loss of every kind by reason of deposits of public moneys in the bank. It will be observed that the bond antedates the application by more than a year, and the discrepancy in dates is not explained, but perhaps the bond was dated back for some reason or other. At least, we may so assume for the purposes of this case.

On February 8, 1924, the bank became insolvent and suspended business, and one Turner was appointed receiver thereof by the Comptroller of Currency. When the bank suspended the treasurer had on deposit public moneys of Custer county to the amount of $164,895.66. On January 22, 1926, the surety company paid to the treasurer the amount of the penalty of the bond, with accrued interest to that date. Since the bringing of this suit, the receiver has declared and paid two dividends to general creditors, of 10 per cent. each, and $15,000 has been deposited in bank by stipulation of the parties to abide the result of this suit; the $15,000 thus deposited being a portion of the dividends declared in favor of the treasurer of Custer county. The surety company has filed with the receiver its claim for the sum of $75,000, together with the interest paid by it. On the foregoing facts the relief sought is that the surety company be adjudged to be the owner of the $15,000 deposited in bank pursuant to the stipulation of the parties; that the bank and its receiver be required to allow the claim of the surety company as presented; that the surety company be paid the same dividends thereon that have been, or may hereafter be, paid to the general creditors; that the claim of the treasurer against the bank be reduced and diminished by the amount paid by the surety company under the terms of the depository bond; that the receiver be enjoined and restrained from paying dividends on the claim of the treasurer in excess of the balance remaining after deducting the amount paid by the surety company from the amount of the original claim, and for general relief. [1] The rule is well settled that in the distribution of the assets of an insolvent national bank a secured creditor may prove and receive dividends upon the face of his claim at the time of the declaration of insolvency, without crediting either his collateral or collections made therefrom after such declaration, subject always to the proviso that dividends must cease when from them and from collateral realized the claim has been paid in full. Merrill v. National Bank of Jacksonville, 173 U. S. 131, 19 S. Ct. 360, 43 L. Ed. 640. The rule is the same, whether the security consists of a pledge of collateral, a mortgage of property, or a contract of suretyship, or whether there is an express agreement to indemnify the surety or only the contract implied by law. Maryland Casualty Co. v. Fouts (C. C. A.) 11 F.(2d) 71, 46 A. L. R. 852; U. S. Fidelity & Guaranty Co. v. Centropolis Bank (C. C. A.) 17 F.(2d) 913.

[2] The rule is equally well settled that dividends must be paid to all creditors ratably, that payments must be made according to some uniform rule, and that claims against the bank must necessarily be made the basis of the apportionment. "Dividends are to be paid to all creditors ratably; that is to say proportionally. To be proportionate they must be made by some uniform rule. They are to be paid on all claims against the bank previously proved and adjudicated. All creditors are to be treated alike. The claim against the bank, therefore, must necessarily be made the basis of the apportionment. * * * The business of the bank must stop when insolvency is declared. * * * No new debt can be made after that. The only claims the Comptroller can recognize in the settlement of the affairs of the bank are those which are shown by proof satisfactory to him or by the adjudication of a competent court to have had their origin in something done before the insolvency. It is clearly his duty, therefore, in paying dividends, to take the value of the claim at that time as the basis of distribution." White v. Knox, 111 U. S. 785, 4 S. Ct. 686, 28 L. Ed. 603.

[3, 4] No doubt, as claimed by the appellant, when a contract of suretyship is entered into there arises, in the absence of an express agreement, an implied contract that the principal will indemnify the surety for any payment the latter may make to a creditor in compliance with the contract of suretyship, and that this implied contract arises immediately upon the execution of the contract of suretyship and not when a payment is made by the surety thereunder. But, conceding this to be the rule, the fact remains that the only claim against the bank at the time of the declared insolvency, arising out of the deposit of public funds in this case, was the claim of the treasurer for the amount of the deposit, and the treasurer was entitled to have that claim allowed in full and to receive dividends on the full amount of the claim until the claim was satisfied from the dividends received and from other sources. Such was his right under all the authorities, and such right seems entirely inconsistent with the claim advanced by the appellant here. Under similar facts in Maryland Casualty Co. v. Fouts, supra, the District Court decreed that the surety was not entitled to receive any dividends from the receiver until the state treasurer had received the entire amount of the deposit, and that after payment had been made to the treasurer of the full amount of the deposit the surety was entitled to be subrogated to the rights of the treasurer to and to receive from the receiver such additional dividends as might be declared by him upon the amount of the penalty of the bond executed by the surety and paid to the treasurer. It was further decreed that the surety was not entitled to recover from the receiver on its indemnity agreement with the bank and that it was only entitled to subrogation to the rights of the treasurer. In affirming this decree, the Circuit Court of Appeals for the Fourth Circuit said: "The law applicable to this case is well settled, and when applied to the facts, concerning which there is little or no dispute, there can be no serious doubt as to what the outcome should be." To the same effect, see U. S. Fidelity & Guaranty Co. v. Centropolis Bank, supra.

The appellant disclaims any right of subrogation, and if it has no such right we fail to see wherein it has any other right or claim. In the Centropolis Bank Case, supra, the court held, in harmony with the prevailing rule, that the treasurer was entitled to receive dividends on the full amount of his claim until the claim was satisfied by the dividends received and by the amount paid by the surety, and that the surety was likewise entitled to have its claim allowed against the commissioner of finance of the state and to receive dividends thereon. In this latter view we are unable to concur. To allow the claim of the surety in this case would increase the liabilities of the bank in the sum of $75,000 beyond its liabilities as they existed when insolvency was declared, and to allow and pay dividends on such additional claim would be unjust to the treasurer and doubly unjust to other creditors. Under the law, other creditors can claim no benefit from the fact that the treasurer was secured in whole or in part, and they should not be permitted to suffer a loss because thereof. The Centropolis Bank Case involved the distribution of the assets of an insolvent state bank, and may be distinguishable on that ground, but unless it can be so distinguished we are of opinion that that portion of the decision approving the claim of the surety, with the right to participate in dividends, is unsound in principle and unsupported by authority. In other words, we are of opinion that the right of subrogation is the only right the appellant can claim and that that right does not exist until the claim of the treasurer is satisfied.

The appellant lays much stress upon the fact that there was an indemnity agreement between itself and the bank before the suretyship contract was entered into, but, as already

stated, that agreement amounts to little if anything more than the agreement implied by law, and confers no greater rights.

The decree of the court below is affirmed.