## FOUTS v. MARYLAND CASUALTY CO.

Circuit Court of Appeals, Fourth Circuit.
January 14, 1929.

No. 2775.

John L. Rendleman and Hayden Clement, both of Salisbury, N. C., for appellant.

James S. Manning, of Raleigh, N. C., and Walter L. Clark, of Baltimore, Md. (Roszel C. Thomsen, of Baltimore, Md., on the brief), for appellee.

F. G. Awalt and George P. Barse, both of Washington, D. C., for Comptroller of the Currency, amici curiæ.

Before WADDILL and NORTHCOTT, Circuit Judges, and COLEMAN, District Judge.

NORTHCOTT, Circuit Judge. The appellant, Fouts, was appointed receiver of People's National Bank of Salisbury, N. C. The appellee brought this action against the receiver, to compel the allowance and payment of dividends on its claim upon an indemnity agreement, executed by the bank. The agreement was contained in the bank's application for a bond, by which the bank, as principal, and the appellee, as surety, undertook that the official deposits of the state treasurer of the state of North Carolina, up to a named sum, would be repaid on demand. The bond was applied for on January 26, 1923, and was given for $50,000. The bank became insolvent, and was closed on June 8, 1923, at which time the deposit of the state treasurer was $89,579.14.

Shortly after the closing of the bank, the casualty company paid the state treasurer the amount of the bond, and brought a suit against the receiver, asking that it be subrogated to the rights of the state treasurer, and that it be permitted to prove its claim for $50,000 on its indemnity contract. At the time of the bringing of this suit it was not known what the loss of the treasurer would be. The District Court refused the relief prayed for, and an appeal was taken to this court. The decree of the District Court was affirmed. See Maryland Casualty Co. v. Fouts (C. C. A.) 11 F.(2d) 71, 46 A. L. R. 852.

Since this decision the receiver has paid dividends to the creditors of the bank in an amount that would, when added to the $50,000 paid him by the casualty company, pay the state treasurer his entire deposit and $1,706.53 in addition. This latter amount is being retained by the receiver.

The appellee then brought this suit, praying that the receiver be directed to pay it dividends to an amount equal in per cent. to the amount paid the general creditors; that it be given the $1,706.53 in the hands of the receiver, due as a dividend, to the state treasurer; and that it be allowed to participate with other creditors of the bank on the claim of the treasurer.

The judge below found for the casualty company, and entered a decree directing the receiver to pay appellee the retained $1,706.53 and dividends on the remainder of its claim equal in per cent. to the dividends already paid the other creditors. From this action of the court below this appeal was taken.

Two main points are relied on by appellant: (1) That the matters in controversy were res adjudicata; and (2) that the allowance of appellee's claim and the payment of back dividends would be in contravention of the vested rights of the general creditors, and unjust to them. We will first consider the second point.

■ It is evident that while the bank had assumed two liabilities, one to the state treasurer on account of the deposit, one to the casualty company by reason of its contract of indemnity, there was only óne debt, the deposit of the state treasurer, the payment of which debt discharged both obligations. The liability to the casualty company only became alive in the event that the bank failed to meet the first or primary liability on the deposit. If the casualty company is to be paid dividends equal to the other creditors, while at the same time the state treasurer is also paid equal dividends on his claim, then it is clear that dividends will have been paid on $139,579.14, when the original debt was only $89,579.14. That this would be to the prejudice of the rights of the other creditors cannot be denied.

The casualty company only guaranteed the deposit of the state treasurer to the extent of the loss up to the sum of $50,000. It has become evident that the loss will not amount to $50,000. How can a claim be allowed and dividends paid on it when the amount is not possible of ascertainment?

■ Undoubtedly the decree of the lower court permits a double filing of claims on the one debt. The law requires the pro rata distribution of dividends upon such debts only as existed at the time of the suspension of the bank. In re United Grocery Co. (D. C.) 253 F. 267; American Surety Co. v. De Carle (C. C. A.) 25 F.(2d) 18; White v. Knox, 111 U. S. 785, 4 S. Ct. 686, 28 L. Ed. 603.

Let us suppose that the casualty company had contracted with another surety company to carry the whole or a part of the risk, and the bank had entered into an indemnity contract with the second company, it certainly could not be contended that the second surety company could also be paid dividends on its claim, thus paying dividends on three claims when there was, originally, only one debt.

■ With the possible exception of attorneys' fees and expenses, the indemnity agreement neither obligated the bank any further nor gave the casualty company any greater rights than the law would have done in the absence of any agreement.

"There is always an implied obligation, in the absence of an agreement to the contrary, that the principal will indemnify his surety against loss resulting from the suretyship, and an express agreement therefor adds nothing to the surety's rights." Springfield National Bank v. Surety Co. (C. C. A.) 7 F. (2d) 44.

This question was discussed by this court in a suit between these same parties, in Maryland Casualty Co. v. Fouts, supra, where Judge Waddill in an able and exhaustive opinion says: " * * * That the plaintiff is not entitled to recover of the defendant, J. E. Fouts, receiver of the People's National Bank of Salisbury, on its indemnity agreement with the said bank, and that the said Maryland Casualty Company is only entitled to subrogation to the rights of B. R. Lacy, treasurer of the state of North Carolina, as hereinbefore set forth."

In Jenkins v. National Surety Co., 277 U. S. 258, 48 S. Ct. 445, 72 L. Ed. 874, where the writ of certiorari was granted by the Supreme Court because of an alleged conflict between circuits, Mr. Justice Stone, after discussing the question of allowing the filing of a similar claim against a bank, holds with Judge Waddill and says: "They would also result in a species of double proof, detrimental to the principal's other creditors, for the secured creditor would, under the applicable 'chancery rule,' still be entitled to dividends on his entire original claim. Compare Merrill v. National Bank of Jacksonville, 173 U. S. 131 [19 S. Ct. 360, 43 L. Ed. 640]."

██ It is strongly contended on behalf of the casualty company that the above holding by this court in the Fouts Case, and the conclusion reached by the Supreme Court in the Jenkins Case, were not necessary to the findings in those cases, and were therefore obiter dicta. We do not think so. Certainly in reaching a conclusion as to whether a surety had a certain right it was not only proper but necessary to ascertain just what rights the surety did have in the premises. If these conclusions were dicta, it does not necessarily follow that they were wrong, and certainly dicta of the United States Supreme Court should be very persuasive.

As only one primary debt exists, it follows that the rule of pro rata distribution, in the event of insolvency, requires that such primary debt be the basis of dividends. Jenkins v. Surety Co., supra.

"To allow the claim of the surety in this case would increase the liabilities of the bank in the sum of $75,000 beyond its liabilities as they existed when insolvency was declared, and to allow and pay dividends on such additional claim would be unjust to the treasurer and doubly unjust to other creditors. Under the law, other creditors can claim no benefit from the fact that the treasurer was secured in whole or in part, and they should not be permitted to suffer a loss because thereof." American Surety Co. v. De Carle (C. C. A.) 25 F.(2d) 20.

The learned judge below says in his opinion, that "the amount of the surety's loss was not ascertainable until Mr. Lacy [the State Treasurer] received all his dividends." It is shown by the record that Mr. Lacy has not yet received all his dividends, in fact there is a considerable sum in the receiver's hands to be distributed, yet the court permits the proving and filing of the casualty company's claim for a certain fixed amount necessarily greater than the company's final loss.

██ We cannot agree with the holding below, and are of the opinion that the appellee's only right, until the general creditors of the bank are paid, is to be subrogated to the rights of the state treasurer. That right the casualty company undoubtedly has, and it should receive all dividends payable to the state treasurer over and above the amount added to the casualty company's payment on the bond, necessary to satisfy his claim. American Surety Co. v. De Carle, supra; Casualty Co. v. Fouts, supra.

In view of our conclusion on this question, it is not necessary to discuss the first point.

Reversed.