Kevin D. BRANCH, as parent and Guardian ad Litem for Kevin Devon Branch, Jr., a minor, Plaintiff,

v.

COCA–COLA BOTTLING COMPANY CONSOLIDATED f/k/a Piedmont Coca Cola Bottling, and Coca Cola Company, Defendants.

CA No. 0:99–4014–19.

United States District Court,
D. South Carolina,
Rock Hill Division.

Feb. 9, 2000.

Ronald E. Alexander, of McDonald McKenzie Rubin Miller and Lybrand, Columbia, SC, for plaintiff.

Howard A. VanDine, III, Nelson Mullins Riley and Scarborough, Columbia, SC, for defendants.

### ORDER

SHEDD, District Judge.

The issue before the Court concerns the timing of removal under 28 U.S.C. § 1446(b) when multiple defendants are served with the initial pleadings on different dates. Defendants jointly removed this automobile accident (negligence) case from state court on December 6, 1999—33

days after service of the summons and complaint on Coca Cola Company ("Coke") and 30 days after service on Coca–Cola Bottling Company Consolidated ("CCB").[1] Plaintiff now moves to remand the case pursuant to 28 U.S.C. § 1447(c), arguing that the removal is defective because it was effected more than 30 days after service of the summons and complaint on Coke. For the reasons set forth below, the Court will grant the motion and remand this case to state court.

## I

"Th[e] right of removal is statutory. Before a party can avail himself of it, he must show upon the record that his is a case which comes within the provisions of the statute."[2] Federal courts must construe removal statutes strictly, guard "against expansion" of removal jurisdiction "by judicial interpretation," and "'resolve all doubts about the propriety of removal in favor of retained state court jurisdiction.'"[3] When, as here, a case is removable based on the initial pleadings, the applicable removal statute— § 1446(b)—provides that "[t]he notice of removal ... shall be filed within thirty days after the receipt by the defendant" of those pleadings. "If the defendant does not act within thirty days, the case may

---

1. Plaintiff served (by certified mail) the summons and complaint on Coke on November 3, and on CCB on November 4. Because the 30th day after CCB was served (December 4) was a Saturday, the time limit for CCB to remove actually expired on the 32nd day after it was served (December 6). *See* Fed.R.Civ.P. 6(a).

2. *Phoenix Ins. Co. v. Pechner*, 95 U.S. 183, 185, 24 L.Ed. 427 (1877).

3. These principles of law come, respectively, from *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 17, 71 S.Ct. 534, 95 L.Ed. 702 (1951); and *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir.1999). As the Court discusses *infra*, defendants' argument that these

principles have been eroded by a "recent trend" of interpreting removal statutes "less strictly" and with "adequate and appropriate consideration to equitable concerns" is without merit. *See also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994) ("Because removal jurisdiction raises significant federalism concerns, [the Court] must strictly construe removal jurisdiction"); *see generally Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) ("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction") (citations omitted).

not be removed."[4] The purpose underlying this limited removal period is the "prevent[ion][of] undue delay in removal and the concomitant waste of state judicial resources."[5]

### A.

■ While § 1446(b) "does not address multiple defendants,"[6] it is clear that when a plaintiff sues multiple defendants, "all of the defendants must agree to the removal of the state court action"[7] and, consequently, "all served defendants must join in a [notice] of removal...."[8] Both defendants joined in the notice of removal. However, Coke did not attempt to remove the case within 30 days from the date it was served. Instead, Coke allowed its 30–day period to lapse, and simply joined in CCB's removal notice. Plaintiff argues that Coke's failure to seek removal within *its own* 30–day removal period makes the removal defective. Defendants counter that because CCB timely sought removal, Coke was entitled to join in the removal notwithstanding Coke's failure to seek removal on its own behalf in a timely manner.

Resolution of the motion to remand therefore requires the Court to determine one issue: in a multi-defendant case, must each defendant seek removal within their own 30–day service period, or does any one defendant's timely removal effort permit any other defendant to join in the removal notwithstanding the other defendant's earlier failure to seek removal on its own behalf. Neither the Supreme Court nor the Fourth Circuit has definitively spoken directly on this precise issue. The Court does not, however, approach this issue with a clean slate.

### B.

In *McKinney*, the Fourth Circuit considered a different issue involving removal by multiple defendants. Unlike this case, where the first-served defendant (Coke) did not effect removal within its own 30 days, the first-served defendant in *McKinney* did remove the case in a timely manner. Thereafter, a defendant which was served within the first-served defendant's 30–day removal period joined in the first-served defendant's removal notice, but did not do so within the first-served defendant's 30–day period. The issue in *McKinney* was whether the later-served defendant's failure to join in the first-served defendant's removal notice within the first-served defendant's 30–day period rendered the removal defective. The Fourth Circuit held that "under ... § 1446(b), individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition."[9] Therefore, the Fourth Circuit concluded that the removal in that case was not defective because the later-served defen-

---

4. *McKinney v. Board of Trustees of Mayland Comm. College,* 955 F.2d 924, 925 (4th Cir. 1992). "[T]here are two types of improperly removed cases: those in which the federal court has no subject matter jurisdiction and those with defects in the removal procedure itself." *Huffman v. Saul Holdings Ltd. Partnership,* 194 F.3d 1072, 1076 (10th Cir.1999). Defendants' removal of this action from state court is *jurisdictionally* proper because the requisite amount in controversy appears to be met and the parties are of diverse citizenship. However, an untimely removal constitutes a defect in removal procedure which is grounds for remand when (as here) timely challenged. *See* § 1447(c); *Cades v. H & R Block, Inc.,* 43 F.3d 869, 873 (4th Cir.1994).

5. *Lovern v. G.M.C.,* 121 F.3d 160, 163 (4th Cir.1997).

6. *McKinney,* 955 F.2d at 926.

7. *Creasy v. Coleman Furniture Corp.,* 763 F.2d 656, 660 (4th Cir.1985).

8. *McKinney,* 955 F.2d at 925. Plaintiff asserts that the removal is also defective because Coke did not properly join in the notice of removal. The notice of removal is curious because it refers to both defendants collectively as a single entity. Notwithstanding this fact, the Court finds that both defendants joined in the notice of removal.

9. 955 F.2d at 928.

dant joined in the first-served defendant's removal within 30 days of service on the later-served defendant.

In its analysis, the Fourth Circuit recognized that neither the language of § 1446(b) nor its legislative history resolved the issue. Turning next to the reported caselaw, the Fourth Circuit found the cases presented to it to be unpersuasive. The Fourth Circuit therefore grounded its decision on policy considerations, the most notable of which is the principle that "the removal procedure is intended to be 'fair to both plaintiffs and defendants alike.'"[10] The Fourth Circuit concluded that not allowing each defendant to have thirty days from their own date of service in which to seek removal could allow plaintiffs to manipulate the timing of service to effectively preclude later-served defendants from meeting the first-served defendant's 30–day period.

The actual holding in *McKinney*, detailed above, does not control this case. However, in an explanatory footnote, the Fourth Circuit distinguished the removal issue before it from two other multi-defendant removal scenarios:

> [W]here B is served more than 30 days after A is served, two timing issues can arise, *and the law is settled as to each.* First, if A petitions for removal within 30 days, the case may be removed, and

B can either join in the petition or move for remand. *Second, if A does not petition for removal within 30 days, the case may not be removed.*[11]

The italicized portion of this quote describes for all practical purposes the facts of this case and, if applied, compels remand of this case to state court. However, because this statement was unnecessary to the Fourth Circuit's actual decision, it must be considered as being dictum.[12] Even so, one judge in this district has relied upon *McKinney* to adopt the approach advocated by plaintiff.[13]

Here, as in *McKinney*, the statutory language does not resolve the issue and, as noted, there is no controlling precedent. Defendants urge the Court not to follow the *McKinney* dictum because of "equitable considerations" and "rules of statutory construction." With full recognition that *McKinney* is not necessarily controlling, the Court nonetheless rejects defendants' invitation to cast it aside.

## II

It is self-evident that characterization of language in a judicial opinion as dictum does not mean that it is legally incorrect.[14] Indeed, as a general principle, "a federal district court is required to give great weight to the pronouncements of its

---

10. *Id.* at 927 (citation omitted). The Fourth Circuit also concluded that another policy reason—the inclusion of removal petitions within Rule 11 of the Federal Rules of Civil Procedure—supported its decision. *Id.* at 928.

11. 955 F.2d at 926 n. 3 (emphasis added & citation omitted).

12. Dictum includes "any statement of the law enunciated by the court merely by way of illustration, argument, analogy, or suggestion." *Black's Law Dictionary*, 454 (6th ed.1990).

13. *See Beasley v. Goodyear Tire & Rubber Co.*, 835 F.Supp. 269, 272 (D.S.C.1993). The Fifth Circuit (in dictum) is in accord with the *McKinney* dictum, *see New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 887 n. 4 (5th Cir.

1998) ("the general rule is that if the first served defendant abstains from seeking removal or does not effect a timely removal, subsequently served defendants cannot remove ... due to the rule of unanimity among defendants which is required for removal") (citations omitted and punctuation altered); however, the Sixth Circuit is not. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n. 3 (6th Cir.1999), *cert. denied,* —— U.S. ——, 120 S.Ct. 790, 145 L.Ed.2d 667 (2000) ("we conclude that a first-served defendant can consent to a later-served defendant's removal petition, despite having already failed in its own efforts to remove").

14. *Fouts v. Maryland Cas. Co.*, 30 F.2d 357, 359 (4th Cir.1929) ("If these conclusions were dicta, it does not necessarily follow that they were wrong").

Court of Appeals, even though those pronouncements appear by way of dictum."[15] Essentially, whether expressed in these terms or not, dictum from the court of appeals should be considered presumptively correct by the district courts within that circuit. Only when a district court is convinced that its court of appeals' dictum is clearly incorrect should the dictum be disregarded. Far from being convinced that the *McKinney* dictum is incorrect, the Court finds that it is, in fact, correct.

### A.

As noted, § 1446(b) provides that "[t]he notice of removal ... shall be filed within thirty days after the receipt by the defendant" of the initial pleadings, and *McKinney* holds that each defendant in a multi-defendant case is entitled to its own 30-day period after it has been served in which to file a notice of removal. In this case, Coke—the first-served defendant—did not file a notice of removal within 30 days after it received the initial pleadings. Defendants argue that it would be inequitable to preclude removal because of Coke's failure to act within its 30-day period, and they cite *McKinney*—and cases relying on *McKinney*—for this contention.

The Court finds, however, that the equitable considerations present in *McKinney* are irrelevant in this situation.

As an initial matter, the Court rejects defendants' argument that *McKinney* should be read as an abandonment of the policy of strictly construing removal statutes in favor of a policy of "equitable"—that is, liberal—construction. Not only is this argument contrary to more recent pronouncements from the Fourth Circuit,[16] but it also misconstrues the doctrine of strict statutory construction. To be sure, the Fourth Circuit expressly rejected an invitation to base its decision in *McKinney* *mechanically* on grounds of strict construction.[17] But, in doing so, the Fourth Circuit did not express disapproval of that concept. Instead, the Fourth Circuit articulated significant policy reasons which are consistent with § 1446(b) and the removal scheme as a whole. "The canon in favor of strict construction is not an inexorable command to override common sense and evident statutory purpose," and it does not "demand that a statute be given the 'narrowest meaning;' it is satisfied if the words are given their fair meaning in accord with the manifest intent of the lawmakers."[18] The Fourth Circuit's decision is completely in accord with this principle.[19]

15. *Max M. v. Thompson*, 585 F.Supp. 317, 324 (N.D.Ill.1984); *see also Lee v. Coughlin*, 643 F.Supp. 546, 549 (W.D.N.Y.1986) (circuit dictum is "worthy of great weight and respect from the lower courts of this Circuit"). The Fourth Circuit, as well as other circuit courts of appeals, accords similar respect to Supreme Court dictum. *See Fouts*, 30 F.2d at 359 ("certainly dicta of the ... Supreme Court should be very persuasive"); *Wright v. Morris*, 111 F.3d 414, 419 (6th Cir.1997) ("We believe that this [dicta] is instructive of the Supreme Court's views and cannot be dismissed out of hand.... Where there is no clear precedent to the contrary, we will not simply ignore the Court's dicta"); *Gaylor v. United States*, 74 F.3d 214, 217 (10th Cir. 1996) ("While these statements are dicta, this court considers itself bound by Supreme Court dicta almost as firmly as by the Court's outright holdings, particularly when the dicta is recent and not enfeebled by later statements").

16. *See* note 3, *supra*. In any event, regardless of how one reads *McKinney*, the Supreme Court has not signaled a retreat from its stated policy of strict construction.

17. 955 F.2d at 926.

18. *United States v. Brown*, 333 U.S. 18, 25–26, 68 S.Ct. 376, 92 L.Ed. 442 (1948) (citation omitted and punctuation altered); *see also Port of N.Y. Auth. v. Eastern Air Lines, Inc.*, 259 F.Supp. 142, 144 (E.D.N.Y.1966) ("There is no doubt that the 'policy of the successive acts of Congress' relating to removal 'is one calling for the strict construction of such legislation;' application of this principle, however, does not justify distortion of the congressional purpose in the enactment [of the removal statutes]") (citation omitted).

19. The Fourth Circuit undertook a similar analysis in another case involving removal,

In any event, there is nothing inequitable about requiring the first-served defendant to file its notice of removal within its own 30–day removal period. Here, both Coke and CCB were entitled to, and received, exactly what § 1446(b) and *McKinney* require: 30 days from the date they were served in which to file (or join in) a notice of removal. Unfortunately for defendants, Coke failed, for whatever reason, to exercise its right. Coke's failure to remove cannot be traced to anything plaintiff did or, more importantly, could have done. If Coke was the only defendant in this case, its failure to remove within 30 days would clearly constitute a defect in the removal. The Court sees no reason why Coke's failure to remove in a timely manner should be viewed differently simply because another defendant is in the case.

### B.

Defendants also argue that the Court should reject the *McKinney* dictum because allowing a first-served defendant who fails to remove in a timely manner to join in a later-served defendant's removal notice is necessary to give effect to the rule of unanimity, which requires all served defendants to join in the removal. This argument is not tenable. The rule of unanimity appears to be based on the principle that the plaintiff should only be required to proceed against multiple defendants in one action. If the plaintiff chooses to file in state court, it may proceed against all defendants in state court unless they all agree to remove in a proper manner, in which case the defendants' choice of forum will be honored. No de-

fendant may split the case into separate parts by its removal decision.[20]

Requiring the first-served defendant to remove within its own 30–day period does not undermine this rule. If the first-served defendant wishes to litigate in federal court, it can "get the ball rolling" by removing within its 30–day period. Each later-served defendant then has the opportunity to make its own removal decision. If all agree to remove, then the case can be litigated in federal court. Conversely, if any one defendant—including the first-served defendant—does not agree to litigate in federal court, all other defendants must stay in state court as well. Both of these scenarios involve a simple application of the rather simple rule.

What defendants seem to be arguing, although they do not expressly say so, is that later-served defendants should be given an opportunity to attempt to change the decision of a previously served defendant that chose not to remove. From the standpoint of a defendant, that certainly would be a benefit arising from defendants' interpretation of § 1446(b). However, the rule of unanimity is neither grounded on this incidental strategic benefit nor undermined by its absence.

### III

The *McKinney* dictum is entirely consistent with § 1446(b) and the policy of strict construction of that statute. Defendants' attempt to disregard this dictum would constitute an expansionist interpretation of § 1446(b). Given the choice between these two options, the Court unhesitatingly adopts the *McKinney* dictum as the controlling legal principle.[21] Accordingly, the

concluding that the "language and policy" of § 1446(b) compelled a reading of the statute which was more broad that the one that the plaintiff had advanced. *See Lovern,* 121 F.3d at 162.

20. *See Chicago, R.I. & P. R. Co. v. Martin,* 178 U.S. 245, 248, 20 S.Ct. 854, 44 L.Ed. 1055 (1900) ("A defendant has no right to say that an action shall be several which a plaintiff elects to make joint"). This general rule is

subject to certain exceptions which are not applicable here. *See, e.g., Wisconsin Dept. of Corr. v. Schacht,* 524 U.S. 381, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998) (district court must remand claims that are barred by eleventh amendment and retain jurisdiction over all other claims).

21. The undersigned was, by designation, a member of the *McKinney* panel. The decision in that case was not, as defendants assert, an

Court will grant plaintiff's motion and remand this case to state court.

attempt to liberalize the construction of § 1446(b).