Marie **ANDERSON**, Executrix of the Estate of Gerald Ellis Thomas, Deceased, Plaintiff,

v.

**CROWN CORK & SEAL,**
et al., Defendants.

No. CIV A 2:00CV82.

United States District Court,
E.D. Virginia.
Norfolk Division.

April 19, 2000.

---

Jonathan A. Smith–George, Patten, Wornom & Watkins, Newport News, VA, Peter A. Kraus, Waters & Kraus, Dallas, TX, for Marie Anderson.

Richard Winston Boone, Boone & Associates, PC, Fairfax, VA, for Crown Cork & Seal.

Timothy Sean Feehan, Cook, Ware & Heyward, P.C., Glen Allen, VA, for Harbison-Walker, A.P. Green Refractories Co., Westinghouse Elec. Corp.

Jonathan Holland Hambrick, Akin, Gump, Strauss, Hauer & Feld, L.L.P., Washington, DC, for Minnesota Mining and Manufacturing.

George Janis Dancigers, Heilig, McKenry, Fraim & Lollar, P.C., Norfolk, VA, for North American Refractories Co., Waco, Inc., Uniroyal Inc.

Stephen Royce Jackson, Willcox & Savage, Norfolk, VA, for Riley Stoker Corp., Pittsburgh Corning Corp.

Sharon Jeanne Glover, LeClair Ryan, Richmond, VA, Owens-Corning Fiberglas Corp., Fibreboard Corp.

Robert L. O'Donnell, Vandeventer, Black, Meredith & Martin, Norfolk, VA, for Owens-Illinois, Inc.

Carl Robert Schwertz, Duane & Shannon, P.C., Richmond, VA, for Garlock, Inc., U.S. Mineral Products Co.

Marshall Allen Winslow, Jr., Payne, Gates, Farthing & Radd, P.C., Norfolk, VA, for Porter-Hayden Co., Raymark Industries.

James W. Morris, III, Morris and Morris, P.C., Richmond, VA, for C.E. Thurston & Sons, Inc., GAF Corp., Armstrong World Industries, Inc., Asbestos Claims Management Corp., Amchem Products, Inc., U.S. Gypsum, Flexitallic, Inc., T & N, PLC, Dana Corp.

William Delaney Bayliss, Williams, Mullen, Clark & Dobbins, Richmond, VA, for Allied-Signal Inc.

Robert Aristidis Ziogas, Glenn, Feldmann, Darby & Goodlatte, Roanoke, VA, for Foster-Wheeler Corp.

S. Lawrence Dumville, Virginia Beach, VA, for Babcock and Wilcox, Co.

Dudley Foster Woody, Woods, Rogers & Hazelgrove, Roanoke, VA, for Combustion Engineering Inc.

Richard Kent Bennett, McSweeney, Burtch & Crump, Richmond, VA, for Flintkote Corp.

John C. Ivins, Jr., Hirschler, Fleischer, Weinberg, Cox & Allen, Richmond, VA, for W.R. Grace and Co.

James C. McCaa, Taylor & Walker, P.C., Norfolk, VA, Gerard Ernest Wilfrid

Voyer, Taylor & Walker, P.C., Norfolk, VA, for Borg-Warner Securities Corp.

James C. McCaa, Taylor & Walker, P.C., Norfolk, VA, for Hopeman Bros., Inc.

Joyce Jackson Wood, Willcox & Savage, P.C., Norfolk, VA, for Rapid American, Corp.

Joseph F. Giordano, Semmes, Bowen & Semmes, McLean, VA, for Champion Intern. Corp.

Richard Thomas Radcliffe, Jr., Church & Houff, P.A., Baltimore, MD, for Georgia-Pacific Corp.

Kenneth John Ries, Johnson, Ayers & Matthews, Roanoke, VA, for Acands, Inc.

Richard Thomas Pledger, Sands, Anderson, Marks & Miller, Richmond, VA, for Dresser Industries, Incorporated.

### ORDER AND OPINION

FRIEDMAN, District Judge.

On June 13, 1999, the plaintiff, Marie Anderson, the executrix of the estate of Gerald Thomas, filed a Motion for Judgment (M/J) in Portsmouth Circuit Court against over forty defendants alleging damages as a result of the deceased's exposure to asbestos, and the defendants' production of asbestos products.[1] *See* M/J at 2. The plaintiff alleges that Thomas worked aboard United States Navy vessels and other vessels both in drydock and in the navigable waters of the United States. *See* M/J at 5.

From discovery propounded in the Portsmouth case, on January 26, 2000, the plaintiff responded to requests for production and interrogatories indicating that the decedent's exposure to asbestos "occurred in Norfolk Naval Shipyard in Portsmouth." *See* Ex. 3 to Notice of Removal. Based on this response, Porter Hayden, one of the defendants, removed the case to this Court. Since Porter Hayden's removal notice, all of the remaining defendants have

properly joined in the removal. On February 22, the plaintiff moved for remand. Porter Hayden objected to the remand, and on March 16, the Court held a hearing in this matter. At the conclusion of the hearing, the Court took the matter under advisement and asked the parties to submit supplemental briefs regarding federal enclave jurisdiction and what effect, if any, the fact that a plaintiff might have spent part of his time in a federal enclave and part elsewhere has on this Court's decision. The parties have now submitted their supplemental memoranda, and the matter is ripe for this Court's consideration. For the reasons set forth herein, the Court hereby GRANTS the motion to remand.

### ANALYSIS

■ The defendants removed this case to federal court based on their contention that this Court has original jurisdiction over causes of action arising in areas of the United States exclusive jurisdiction, in this case, the Norfolk Naval Shipyard. Federal Courts are courts of limited jurisdiction and the burden of establishing jurisdiction where a removal action is challenged rests with the defendants who removed the state action. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Shamrock Oil and Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 425 (4th Cir.1999).

Federal enclave jurisdiction is derived from Article I, Section 8, Clause 17 of the United States Constitution which provides Congress with authority

> to exercise like authority over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the erection of Forts, Magazines, Arsenals, dock-Yards and needful Buildings.

1. The plaintiff is the daughter of the deceased, Thomas. Plaintiff claims the decedent died

from mesothelioma, cancer of the lining of the lung caused by exposure to asbestos.

U.S. Const. Art. I, Sec. 8, Clause 17. Litigation arising from lands obtained pursuant to Clause 17 is rightfully pursued in federal court under federal enclave jurisdiction.

During the course of discovery in this state court action, the plaintiff responded to the defendants' Interrogatories stating that the decedent's exposure occurred "in the Norfolk Naval Shipyard, in the City of Portsmouth Virginia." The plaintiff additionally stated in discovery that

> Decedent was enlisted in the Navy from 1950–1954. Decedent served aboard the USS Laffey, as a boilermaker. Decedent also worked in the Norfolk Naval Shipyard during his service in the Navy.

These responses triggered the defendants' removal of this action to this Court.

In the initial briefing in this case, the plaintiff argued three reasons why the case should be remanded to the Portsmouth Circuit Court. First, the plaintiff argued that the Norfolk Naval Shipyard was not a federal enclave at the time of the decedent's employment (1950–1954). Second, the plaintiff argued that the vessel, the U.S.S. Laffey, was not a federal enclave, and the exposure occurred on the Laffey. Finally, the plaintiff argued that the removal was procedurally defective, and that as a result, the case should be remanded. Since the briefing on the initial motions, the plaintiff conceded the first and third arguments.[2] Therefore, the plaintiff's second argument in support of remand becomes her sole basis for remand.

█ Two issues arise regarding the plaintiff's remaining argument in support of her motion for remand. First, the

Court must determine whether a vessel standing alone can be a federal enclave. Second, the Court must determine whether federal enclave jurisdiction is established in a case where a person's alleged injuries occur on a vessel that was at some points located in a facility considered a federal enclave, and at other times was not.

The plaintiff contends that even if the Shipyard is within the jurisdiction of this Court, which it is, the injuries complained of occurred on a vessel docked in the Shipyard, and the vessel itself is not a federal enclave within this Court's jurisdiction. The plaintiff relies primarily on *McCormick v. C.E. Thurston and Sons, Inc.*, 977 F.Supp. 400, 402 (E.D.Va.1997) (MacKenzie, J.). In *McCormick*, the court found that federal enclave jurisdiction attaches to *lands* under federal control, and that exposure to asbestos on ships is not necessarily under the federal jurisdiction. *Id.* at 402 (emphasis added). Based on this legal conclusion, the court remanded the case to state court. *Id.*

It is difficult to distinguish the *McCormick* case, where the court found that the U.S.S. Nimitz was not a federal enclave, with the facts in this case. Admittedly, one notable distinguishing factor is that the Nimitz was docked at the Newport News Shipbuilding facility (NNS), which is not a federal enclave, and in this case, the Laffey was docked at the Norfolk Naval Shipyard, which all parties admit is a federal enclave. However, based on this Court's reading of *McCormick* and after considering the facts of this case, the Court FINDS that the vessel in question, the U.S.S. Laffey, is not a federal enclave.

---

**2.** As to the plaintiff's argument regarding the status of the Norfolk Naval Shipyard, she relied on Judge Miller's 1996 Opinion in *Melendez v. Glastic Corp.*, 2:95cv1112 (E.D.Va. 1996) (unpublished), where the court found that the Norfolk Naval Base (commonly referred to as the Naval Operations Base (NOB)) falls under the concurrent jurisdiction of the United States and the Commonwealth of Virginia. The plaintiff, who is represented

by out-of-state counsel, was apparently unaware of the distinction between the Norfolk Naval Base and the Norfolk Naval Shipyard. However, to the plaintiff's credit, when informed as to the difference in the facilities, the plaintiff conceded this portion of her argument. As to the procedural defect, the plaintiff additionally admitted at oral argument that all of the parties had properly joined in the removal.

The federal enclave inquiry does not end with this Court's decision to follow the *McCormick* reasoning that a vessel is not a federal enclave. Instead, the defendants argue, based in part on the plaintiff's answers to Interrogatories ("decedent's exposure occurred in the Norfolk Naval Shipyard in the City of Portsmouth, Virginia"), that because part of the decedent's exposure occurred while the vessel was docked in a federal enclave, the plaintiff is subject to federal enclave jurisdiction. *See* Pl's Supp. Answer to Interrog. 3; *see also* Answer to Interrog. 7 (describing work history with Navy and in Norfolk Naval Shipyard). The defendants contend that the plaintiff has no proof that the exposure occurred exclusively while on the vessel, rather than in the Shipyard generally.[3] This issue, raised in the hearing, was the cause for the Court's request for supplemental briefing.

As set forth above, the basis for the dispute regarding where the decedent's exposure occurred was triggered by the plaintiff's interrogatory answer, which was likely drafted with the purpose of establishing jurisdiction in Portsmouth Circuit Court. The answer was perhaps not as carefully worded as hindsight might dictate. However, the Court cannot FIND based on the answer alone that the decedent was exposed "in" the Norfolk Naval Shipyard, as opposed to on a vessel docked in the Shipyard. The evidence before the Court is contrary to this contention. All of the evidence before the Court indicates that the decedent was a seaman, not a shipyard worker. The most persuasive evidence before the Court is the affidavit of Douglas Adams, one of the decedent's fellow seaman aboard the Laffey. *See* Adams Affidavit (attached as Plaintiff's Ex. 1 to Pl's Reply) (dated March 11, 2000). In his affidavit, Adams states unequivocally that he and the decedent worked together in the "After Fireroom" of the Laffey; that

the majority of their time aboard the Laffey it was at sea; that it was occasionally docked in its home port, the Norfolk Naval Shipyard; and most importantly, that at no point did they work "aboard any other ship or in the shipyard." *Id.* The defendants failed to submit any evidence contradicting the Adams affidavit. Based on the evidence before the Court, the Court FINDS that the decedent's exposure occurred on the U.S.S. Laffey, and not as a result of the Laffey's location "in" the Shipyard.

Finally, the defendants argue that because some of the exposure occurred while the vessel was docked in the Shipyard, federal jurisdiction is appropriate. In their supplemental memorandum, the defendants concede that the Fourth Circuit has not specifically addressed the issue of whether remand is required if a portion of the plaintiff's injury occurred outside the federal enclave, as is the case here. However, as identified by the defendants, the Eastern District of Texas has twice addressed similar issues and both times denied a motion for remand. *See Reed v. Fina Oil & Chem. Co.,* 995 F.Supp. 705 (E.D.Tex.1998); *Akin v. Big Three Industries, Inc.,* 851 F.Supp. 819 (E.D.Tex.1994).

In *Reed,* the most recent of the two Texas cases, the plaintiff estate sued for damages associated with leukemia allegedly developed as a result of working in a synthetics plant. During some part of the decedent's employment, the plant was owned and operated by the United States. The United States sold the plant in 1955 to the private industry, and the decedent continued to work at the plant until 1979. In 1995, the plaintiffs filed a complaint in state court, and in 1997, the defendants removed the case pursuant to federal enclave jurisdiction. As in this case, the plaintiffs filed a motion to remand. The Eastern District of Texas court denied the

---

**3.** In *McCormick,* at least part of the basis for the court's decision was the defendant's failure to establish a connection with a federal enclave, *i.e.,* the possibility that the exposure to asbestos had occurred as a result of the federal enclave, as opposed to the ship. *McCormick,* 977 F.Supp. at 402.

plaintiffs' motion for remand finding that federal officer jurisdiction existed because the decedent "acted under a federal officer at least from 1944–55, and [had] satisfied each of the requirements necessary to assert federal officer removal jurisdiction." *Id.* at 712–13. Although it did not need to, the court additionally addressed the asserted federal enclave jurisdiction as an alternative basis for denying the motion to remand. *Id.* at 713. As to federal enclave jurisdiction, the court found that because the plaintiffs asserted a single, indivisible injury resulting from exposure to leukemia inducing agents between 1944 and 1979, and the injury could not be divided between the times of federal and private control of the facility, the entire claim was subject to federal enclave jurisdiction. *Id.* at 713.

In a prior case, *Akin v. Big Three Ind., Inc.*, the District Court similarly denied the motion to remand finding that "in a toxic exposure case ... when the plaintiffs' claims arise out of exposure to chemicals on base in furtherance of their employment duties, enclave jurisdiction is properly invoked." *Akin*, 851 F.Supp. at 822. The defendants argue that the plaintiff in this case, like the plaintiffs in *Reed* and in *Akin*, alleges one indivisible injury as a result of his exposure to asbestos on the U.S.S. Laffey, which was at some times located in the Norfolk Naval Shipyard, a federal enclave. The defendants contend that simply because a portion of the exposure may have occurred while the vessel was located outside of the Shipyard, this Court is not deprived of jurisdiction.

First, the decisions from the Eastern District of Texas are not binding on this Court. Second, to the extent the decisions are persuasive, the Court believes that the facts in both *Akin* and *Reed* are distinguishable from the facts in this case. Most importantly, the federal facilities in *Akin* and in *Reed*, an Air Force base and a synthetics plant, are not comparable to a vessel that moves from port to port. The plaintiffs or decedents in *Reed* and *Akin*

actually worked in federal enclaves at some point. Based on the evidence before this Court, the same cannot be said for the decedent in this case. His employment was at all times on board the vessel, the U.S.S. Laffey, which, as set forth above, is not in and of itself a federal enclave. Conversely, an Air Force base is a federal enclave, and the synthetics plant in *Reed* was at some point a federal enclave. *See Akin*, 851 F.Supp. at 825; *see also Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035, n. 5 (10th Cir.1998) (noting responses to interrogatories that all exposure occurred on base), *cert. denied*, —— U.S. ——, 119 S.Ct. 1756, 143 L.Ed.2d 788 (1999). However, the vessel in this case never was a federal enclave, but simply moved in and out of federal enclaves. This distinction is essential to the Court's consideration of the issues. The court in *Akin* specifically noted that "[h]ad some of the exposure occurred off-base, the defendants' burden of establishing enclave jurisdiction would have been heavier." *Akin*, 851 F.Supp. at 825. The court further expounded in a footnote, "[w]hen exposures allegedly occur partially inside and partially outside the boundaries of an enclave an argument would surface that the state's interest increases proportionally, while the federal interest decreases." *Id.* at n. 4. For these reasons, the Court is not persuaded by the decision in *Akin*, as the facts are dissimilar.

While the facts in *Reed* are more similar to the facts in this case, the facts are nevertheless distinguishable based on the different nature of Reed's and Thomas' (the decedents in each case), employment. In *Reed*, the decedent was a plant worker who developed leukemia allegedly based on his work in the synthetics plant, which was admittedly a federal enclave, during some portion of the plaintiff's exposure. In this case, the federal enclave at issue is the Shipyard. The plaintiff was employed by the U.S. Navy as a seaman. There is no evidence that any of his work was associated with the Shipyard or off the U.S.S.

Laffey. *See* Adams Affidavit. Thomas' association with the Shipyard was coincidental to his employment with the Navy. Such was not the case with the plaintiff in *Reed.* Additionally, as set forth above, at most the court's decision in *Reed* as to federal enclave jurisdiction was in the alternative, and therefore, it is merely dicta contained in decision outside of this District.

In this case, it is undisputed that the deceased was a Navy seaman, not a shipyard worker. It is additionally undisputed that the plaintiff was stationed on a vessel, the U.S.S. Laffey, which was sometimes docked at the Norfolk Naval Shipyard. However, the plaintiff claims, and the defendant has not shown otherwise, that during the majority of the plaintiff's assignment to the U.S.S. Laffey, the Laffey was at sea and not in the Norfolk Naval Shipyard.[4] *See* Adams Affidavit. For these reasons, to the extent the cases from the Eastern District of Texas are persuasive to this Court's consideration of the issues in this case, the Court FINDS the facts in those cases clearly distinguishable from the facts before this Court.

 Finally, to the extent the Court considers these legal determinations "close calls," the law regarding whether remand provides guidance to courts considering "close-calls." That is, where there is any doubt, the court should resolve the matter in favor of the plaintiff and for remand. *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 425 (4th Cir.1999) (finding that all questions as to removal must be resolved in the favor of the plaintiff and state court jurisdiction); *see also Branch v. Coca–Cola Bottling Co.,* 83 F.Supp.2d 631, 632 n. 3,

635 (D.S.C.2000) (finding presumption in favor of remand where issue is close). For these reasons and relying on the *McCormick* opinion from this District, the plaintiff's motion for remand is hereby GRANTED.

### CONCLUSION

For the reasons set forth herein, the plaintiff's motion is **GRANTED** and this matter is hereby **REMANDED** to Portsmouth Circuit Court, where the case was originally filed.

It is so **ORDERED**.

---

4. The defendants argue that the plaintiff's allegation of venue in Portsmouth Circuit Court by way of exposure while docked at the Norfolk Naval Shipyard is contradictory to her present argument that the majority of the exposure occurred at sea. The defendant argues that the plaintiff should be bound by her answer to the Interrogatory that the "[d]ecedent's exposure occurred *in* the Norfolk Naval Shipyard *in* the City of Portsmouth." In

response, the plaintiff insists that she is not "abandoning her contention that the decedent was exposed in Portsmouth," and that "some of the decedent's exposure occurred aboard ship in the City of Portsmouth." *See* Pl's Reply. However, to the extent that the defendants contend that Portsmouth is not the correct state court venue for this case, that matter can be brought before the court in Portsmouth.