SUPERIOR PAINTING
& CONTRACTING
CO., INC.

v.

WALTON TECHNOLOGY, INC., et al.

Nos. CIV. JFM–02–CV–877, CIV.
JFM–02–CV–1226, CIV.
JFM–02–CV–1227.

United States District Court,
D. Maryland.

May 29, 2002.

Mark S. Dachille, Huddles and Jones, Columbia, MD, for plaintiff.

Philip B. Barnes, Whiteford, Taylor & Preston, Towson, MD, for Walton Technology, Inc., defendant.

Robert L Ferguston, Jr., Ferguson, Schetelich & Heffernan, Baltimore, MD, for B.B. Tramell & Co., Inc., defendant.

Alfred L. Scanlan, Jr., Kenneth W. Cobleigh, Eccleston & Wolf, Baltimore, MD, for Containment Design, Inc., defendant.

John A. King, King & Attridge, Rockville, MD, for Joseph Robert Salvatore, defendant.

## MEMORANDUM

MOTZ, District Judge.

### I.

Plaintiff, Superior Painting & Contracting Co., Inc., has filed a motion to remand the action [1] it filed in the Circuit Court for Baltimore City. For the reasons set forth below, the motion will granted.[2]

1. Although Superior filed a single case in the Circuit Court for Baltimore City, three separate, identical cases were opened in this court because defendants filed notices of removal at different times.

2. Two of the defendants, Joseph Salvatore and Mark Gozion, have filed separate motions to dismiss. In light of the fact that I will grant the motion to remand, I need not reach these motions. They remain for the state court's consideration.

## II.

These cases arise from an accident that occurred on the Chesapeake City Bridge in Chesapeake City, Maryland, on October 19, 2000. Superior had been hired by the United States Army Corps of Engineers to paint and repair the bridge. (Compl.¶ 10.) Superior, in turn, engaged Walton Technology, Inc. ("WTI"), to design, furnish, and supervise the installation of an environmental containment system that would enclose a work area on the main span arch of the bridge while Superior removed lead-based paint from and repainted the bridge. (*Id.* ¶¶ 12–13.) According to Superior, WTI made a measurement or calculation error that resulted in the trusses that were used in the containment system being spaced too far apart. (*Id.* § 22.) While the workers were adjusting the spacing of the trusses, a bolt connection failed and 11 of the 12 trusses broke and slid down the arch, killing one worker and injuring three others. (*Id.* ¶ 23.)

Superior sued WTI; Ron Walton and Leland H. Breyer, both of WTI; B.B. Trammell & Co., Inc. ("Trammell"), the truss fabricator; Containment Design, Inc. ("CDI"), a company retained by Superior to provide design, engineering, and consulting services for the bridge project; Gozion, CDI's president; and Salvatore, an engineer hired by CDI. It alleged breach of the implied warranties of merchantability and fitness for a particular purpose and breach of express warranties by WTI and Trammell; breach of contract by WTI, Trammell, and CDI; strict liability as to WTI and Trammell; and negligence on the part of all seven defendants.

The defendants were served at different times. WTI and Trammell were served on February 21, 2002, making them the first-served defendants in the state court case. The issue on this motion to remand is whether removal of the case was proper, given that WTI did not file a notice of removal within 30 days of being served, although it consented to a notice of removal filed by CDI and Gozion on April 8, 2002.[3]

## III.

The removal statute, 28 U.S.C. § 1446, provides in relevant part:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The Fourth Circuit has stated that in cases involving multiple defendants, the first-served defendant must file its notice of removal within 30 days of its receipt of service. *See McKinney v. Bd. of Trustees of Mayland Cmty. Coll.,* 955 F.2d 924, 926 (4th Cir.1992).

In *McKinney,* the court held that each defendant in a case has 30 days from the date on which they are served with process or with a complaint in which to file a notice of removal. *Id.* at 928. The court indicated that this includes first-served defendants, as well as later-served defendants,

---

**3.** Trammell filed a notice of removal on March 22, 2002, and Salvatore, who was served on March 10, 2002, filed a notice of removal on March 29, 2002. Gozion and CDI, who were served on March 9, 2002, filed

a notice of removal on April 8, 2002. (*See* Pl's Mem. at 1; Defs.' Opp'n at 1–2.) According to Superior, Ron Walton and Leland Breyer had not been served as of mid-April. (Pl.'s Mem. at 1.)

although *McKinney* did not involve a first-served defendant who failed to file a timely notice of removal.[4] The court stated that "the law is settled" as to the question of what happens if a first-served defendant, referred to by the court as "A," does not file a notice of removal within 30 days of service upon it. *Id.* at 926 n. 3. "[I]f A does *not* petition for removal within 30 days, the case may not be removed," the court stated. *Id.* (emphasis in original). The court then reiterated that "the first served defendant clearly must petition for removal within thirty days...." *Id.* at 926. *See also Dansberger*, 2000 WL 1593486, at *3 (stating that "when a first-served defendant does not take action to remove the case in a timely manner, the defendant has essentially chosen to remain in state court, a decision that is binding on the later

served defendants"); *Branch*, 83 F.Supp.2d at 632–33, 636 (remanding case in which first-served defendant did not file notice of removal within 30 days, but merely joined in another defendant's notice of removal filed 33 days after first defendant had been served).[5]

In this case, the parties agree that WTI was served on February 21, 2002. It never petitioned for removal itself, although defendants assert that it joined CDI and Gozion's notice of removal on April 8, 2002. (*See* Defs.' Opp'n at 2 n. 1.) Even assuming WTI properly consented to removal, it did not do so within 30 days of the date on which it was served. Therefore, because WTI did not file a timely notice to remove, these cases must be remanded to state court.[6]

4. In *McKinney*, the first-served defendants petitioned for removal exactly 30 days after being served. 955 F.2d at 925. Thus, the court's pronouncements on when first-served defendants must file notices of removal has been termed dicta. *See Dansberger v. Harford County Educ. Ass'n, Inc.*, 2000 WL 1593486, at *2–*3 (D.Md.2000); *Branch v. Coca–Cola Bottling Co. Consol.*, 83 F.Supp.2d 631, 634 (D.S.C.2000). Still, "dictum from the court of appeals should be considered presumptively correct by the district court within that circuit." *Branch*, 83 F.Supp.2d at 635.

5. Defendants cite cases from other circuits in which courts have found that a first-served defendant who failed to timely remove may join in a notice of removal filed by later-served defendants. This is not the law of this circuit, as *McKinney* establishes.

6. Defendants argue that remand would be unfair because they did not realize that the individual listed in state court records as having been served first, Sam Erwin of Illinois, was a resident agent for WTI. Defendants argue that if they had understood that the first-served Erwin represented WTI, they could have sought WTI's consent to removal earlier. (With the exception of Ron Walton and Breyer, all defendants were served within 30 days of when Erwin accepted service on

behalf of WTI. *See supra* note 2 and accompanying text.)

First of all, it is not clear whether there are any equitable exceptions to the rule the Fourth Circuit set forth in *McKinney*. However, even if there were an exception that permitted removal in cases in which later-served defendants were unable to discuss removal with a first-served defendant because they did not know the person had been served or could not locate him, such an exception would not apply here. Defendants knew someone had been served before them, and could have contacted him within 30 days of his receipt of service to discuss removal. Further, as plaintiff demonstrates, Erwin's link to WTI can be established through records accessible over the Internet. According to plaintiff, Internet records for the Office of the Comptroller in Texas, where WTI did business, establish that WTI is an Illinois corporation and Internet records of the Illinois Secretary of State show Erwin to be WTI's agent. (*See* Pl.'s Reply at 8 n. 5, Exs. A and B.)

Defendants also claim they were misled because a process server indicated he was not able to locate Ron Walton, one of the individual defendants, "or Walton Technology...." (Defs.' Opp'n Ex. 3.) As plaintiff correctly notes, however, this affidavit was not filed until April 2, 2002—after the 30–day period in

## ORDER

For the reasons stated in the accompanying memorandum, it is, this 29th day of May 2002

ORDERED that

1. Plaintiff's motion to remand is granted in all three of the cases;

2. The action plaintiff instituted in the Circuit Court for Baltimore City is remanded to that court.

which WTI could have removed the case.    (*See id.;* Pl.'s Reply at 8 n. 4.)